Filed 4/17/13  Russell v. Deutsche Bank National Trust CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KARAN J. RUSSELL,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, etc., et al.,<br><br>    Defendants and Respondents. | B239767<br><br>(Los Angeles County<br>Super. Ct. No. BC409718) |

        APPEAL from an order of the Superior Court of Los Angeles County, Michelle R. Rosenblatt, Judge.  Affirmed.

        Karan J. Russell, in pro. per., for Plaintiff and Appellant.

        Houser & Allison, Eric D. Houser and Brian J. Wagner for Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff and appellant Karan J. Russell appeals an order denying her motion to set aside the judgment in favor of defendants and respondents Deutsche Bank National Trust Company as Trustee under Pooling and Servicing Agreement Dated as of June 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007-BR5 Mortgage Pass-Through Certificates, Series 2007-BR5 (Deutsche Bank) and Barclay's Capital Real Estate Inc., doing business as HomEq Servicing (HomEq).  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2006, Russell and Fred Hemphill obtained a loan in the amount of $880,000 from New Century Mortgage Corporation (New Century).  Russell and Hemphill executed a promissory note and deed of trust.  The deed of trust memorialized New Century's security interest in Russell's real property located at 3624 Fairway Boulevard in Los Angeles (the property.)  Neither the promissory note nor the deed of trust are in the record.

In about March 2007, HomEq began servicing Russell's loan.  HomEq contends that as of October 1, 2007, Russell was in default on her obligations under the promissory note.  HomEq requested Quality Loan Service Corp. (QLS) to initiate foreclosure proceedings.

In about January or February 2008, Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for New Century, executed an assignment of the deed of trust to Deutsche Bank.

In April 2008, QLS conducted a non-judicial foreclosure sale of the property.  The record does not indicate who purchased the property at the sale.

According to the superior court docket sheet, Russell commenced this action in March 2009 by filing a complaint.  A copy of the complaint is not in the record.

The docket sheet also indicates that Deutsche Bank and HomEq filed a motion for summary judgment on April 28, 2011.  Russell did not file an opposition brief.   Russell did not include a copy of the motion or any of its supporting papers in the record.

2

On July 20, 2011, the trial court entered an order granting the motion for summary judgment. In so doing, the court found that Russell was in default on her loan obligations to Deutsche Bank and had failed to make a tender offer. The court further found that respondents conducted a duly authorized non-judicial foreclosure sale of the property.

On August 8, 2011, the trial court entered judgment in favor of Deutsche Bank and HomEq.

On January 13, 2012, Russell filed a motion to set aside the judgment dated August 8, 2011. Russell argued, inter alia, that the judgment should be vacated pursuant to Code of Civil Procedure section 473[1] because it was entered due to surprise, mistake or excusable neglect, and that the judgment should be vacated because it was entered as a result of a "fraud on the court." Additionally, Russell argued that the judgment should be vacated because the trial court did not have "jurisdiction" over the matter. This argument was based, in part, on Russell's claim that the assignment of the deed of trust and promissory note were "fraudulent and void."

On February 15, 2012, the trial court entered an order denying Russell's motion to set aside the judgment. The court determined that the motion appeared to be an untimely motion for reconsideration pursuant to section 1008. The court further found that Russell was not entitled to relief under section 473 , subdivision (b), because she failed to bring the motion within a "reasonable" time and because her "jurisdictional argument is poorly taken."

On March 13, 2012, Russell filed a notice of appeal of the February 15, 2012, order.

---

[1] All future statutory references are to the Code of Civil Procedure.

## CONTENTIONS

The gravamen of Russell's appeal is that the trial court erroneously granted respondents' motion for summary judgment. Russell claims that respondents did not produce evidence showing that the promissory note was physically delivered to Deutsche Bank. She also contends that MERS did not have authority to assign the promissory note.

Respondents do not directly address Russell's arguments regarding whether their motion for summary judgment should have been granted. Instead, they contend that to the extent Russell's appeal seeks review of the trial court's order granting summary judgment, the appeal is untimely. They also argue that because the motion to set aside the judgment was nothing more than a motion for reconsideration, the order denying the motion was not appealable.[2] Finally, respondents contend that to the extent Russell's motion to set aside the judgment was brought pursuant to section 473, subdivision (b), the trial court did not abuse its discretion in denying the motion.

## DISCUSSION

1. *Russell Did Not Meet Her Burden of Showing That the Trial Court's Denial of Her Motion to Set Aside the Judgment Constituted Reversible Error*

Russell did *not* appeal the judgment dated August 8, 2011. Rather, she appealed the February 15, 2012, order denying her motion to set aside the judgment. Contrary to respondents' argument, the motion was not simply a motion for reconsideration. It was also a motion for relief under section 473, subdivision (b), which Russell's supporting memorandum expressly cited.

An order denying a section 473, subdivision (b) motion is appealable. (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008; § 904.1, subd. (a)(2).)

---

[2] An order denying a motion for reconsideration is not appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576.)

Russell's appeal was timely because her notice of appeal was filed less than 30 days after the order was entered. (Cal. Rules of Court, rule 8.104(a)(1).)

We review an order denying a section 473, subdivision (b) motion for abuse of discretion. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 898.) "The court abuses its discretion only if its ruling is arbitrary, capricious or patently absurd." (*Faigin v. Signature Group Holdings, Inc.* (2012) 211 Cal.App.4th 726, 748.)

Section 473, subdivision (b) provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." A motion for relief from a judgment pursuant to section 473, subdivision (b) "shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . was taken." (§ 473, subd. (b).)

Whether the motion was filed within a reasonable time depends on the particular facts and circumstances of the case. (*Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 532 (*Benjamin*).) The moving party must be "diligent." (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) If the moving party has inexplicably delayed bringing the motion for several months, he or she has not demonstrated diligence. (*Benjamin*, at p. 529.)

Here, the trial court denied Russell's motion, in part, because it determined that she did not file the motion within a "reasonable" time. Russell filed the motion more than five months after the judgment was entered. Yet in her declaration in support of the motion, Russell provided no explanation for the delay.

In a "supplemental statement" dated February 3, 2012, Russell claimed that she "recently" discovered evidence that Deutsche Bank was not "duly authorized to conduct business in the State of California." She also claimed that "through diligent efforts" in obtaining information from New Century's bankruptcy proceedings, she discovered that New Century "did not duly, legally or otherwise, authorize an Assignment of the Deed of Trust, on January 3, 2008." Russell did not, however, provide a coherent explanation as to why she did not discover this information earlier. She also did not describe when or

5

how she obtained information from the bankruptcy proceedings, or the exact nature of that information. Based on the record before us, we cannot say that the trial court acted in an arbitrary, capricious, or patently absurd manner when it determined that Russell's motion was untimely because it was not filed within a reasonable time.

Russell argues that she diligently filed her motion within 25 days after receiving interrogatory responses in New Century's bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware.[3] As evidence in support of this argument, Russell relies on documents attached to an undated declaration she filed in this court. We cannot, however, consider these documents because they were not filed or lodged in the superior court. (*Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 723.) Moreover, this declaration does not constitute admissible evidence because Russell did not sign it under penalty of perjury under the laws of the State of California. (§ 2015.5; *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 606.)

Even assuming Russell's section 473, subdivision (b) motion was timely, the trial court acted within its discretion by denying it on the merits. Russell did not provide any evidence of mistake, inadvertence, surprise or excusable neglect related to the trial court's entry of the judgment. She thus did not meet her burden of showing she was entitled to relief under section 473, subdivision (b).

2. *Russell Did Not Meet Her Burden of Showing the Trial Court Erroneously Granted Respondents' Motion for Summary Judgment*

Assuming, arguendo, that Russell can raise in this appeal the issue of whether the trial court erroneously granted respondents' motion for summary judgment, Russell has not met her burden of showing reversible error.

---

[3] An entity called "New Century Liquidating Trust" stated the following in response to an interrogatory: "[T]he Russell Loan was not 'sold' to a third party; rather, the Russell Loan was seized by Barclays Bank PLC . . . on March 16, 2007 due to the Debtors' default on a certain credit facility provided by Barclays." Russell claims that this response proves that the assignment of deed of trust executed by MERS was a "forgery."

We begin our analysis by reviewing some basic rules for appeals. A judgment or an order of the trial court is presumed correct on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to affirmatively show error and to provide a record on appeal sufficient for us to determine whether there was error. (*Ibid.*; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.)

We are also mindful of the parameters for our review of an order granting summary judgment. A summary judgment motion is properly granted when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) We review an order granting a motion for summary judgment de novo. (*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 931.) The first step in our analysis is to identify the issues raised by the pleadings " 'since it is these allegations to which the motion must respond.' " (*Ibid.*)

Here, Russell did not include in the record the complaint or any other pleading, respondents' motion for summary judgment, and the affidavits or declarations supporting that motion. These omissions are fatal to Russell's arguments regarding the summary judgment motion. Without the complaint, we cannot determine the issues raised by the pleadings. Without the moving papers and supporting evidence, we cannot determine whether the trial court correctly granted the motion. Under these circumstances, we must presume that the trial court correctly entered judgment in favor of respondents.

At the end of her reply brief, Russell argued: "Although I lack the expertise in pleading that the attorneys possess, I do recognize that there are several inconsistencies to the Defendant's story and documents." We recognize that Russell is in propria persona. "Pro. per litigants," however, "are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Russell simply did not meet her burden of showing that the trial court committed reversible error. Based on the record on appeal, we cannot reverse the trial court.

7

## DISPOSITION

We affirm the order dated February 15, 2012.  Respondents are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

We concur:



CROSKEY, Acting P. J.



ALDRICH, J.

8