Filed 8/30/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NOVELETTE MACK,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALL COUNTIES TRUSTEE SERVICES, INC. et al.,<br><br>    Defendants and Respondents. | B280650<br><br>(Los Angeles County Super. Ct. No. BC564638) |

APPEAL from an order of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Jeffrey Allen Lewiston, The Law Office of Cliff Dean Schneider and Cliff Dean Schneider, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Novelette Mack acquired property located at 4601 West Slauson Avenue in 2004. Through a series of transactions that Mack contends were fraudulent and a series of lawsuits Mack contends resulted in void judgments, the title to the property no longer rests with Mack.

This appeal is from a December 22, 2016 order denying a motion to vacate an earlier judgment under Code of Civil Procedure section 473, subdivision (d). That earlier judgment is a June 22, 2016 judgment after demurrers to Mack's first amended complaint against Melvin Hoffman, Wayne Abb, and two companies that Hoffman allegedly owned, Creative Investment, Inc., and All Counties Trustee Services, Inc.—all of whom Mack contends were involved in the fraudulent transactions and helped secure allegedly void judgments—and a motion to strike a second amended complaint against the same parties.[1]

---

[1] The January 20, 2017 notice of appeal was nominally filed from the June 2, 2016 order sustaining the demurrers to the first amended complaint and motion to strike the second amended complaint. That notice of appeal would have been untimely. (Cal. Rules of Court, rules 8.104(a), 8.106(c), (e); *ECC Const., Inc. v. Oak Park Calabasas Homeowners Ass'n* (2004) 122 Cal.App.4th 994, 998.) Counsel retained after we issued an order to show cause regarding Mack's vexatious litigant status argued that we should deem the appeal to be from a December 22, 2016 order denying a motion for reconsideration of the demurrers and motion to strike or, in the alternative, a motion to vacate the resulting June 22, 2016 judgment. An order denying a motion for reconsideration is not independently appealable. (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050.) We therefore lack

As we explain, the record before us discloses no basis upon which we could review the validity of either of the judgments Mack contends is void.  We therefore affirm the trial court's December 22, 2016 order denying Mack's motion to vacate the June 22, 2016 judgment.

## BACKGROUND

The record in this case is incomplete, at best.  Although the judgment Mack asks us to declare void was after a demurrer to Mack's first amended complaint, the record lacks a copy of the first amended complaint.  Mack asks us to make decisions related to a decade of litigation and at least three superior court cases.  But to do so, she asks us to rely on only the documents attached to her second amended complaint (neither operative nor filed with permission) without reference to any foundational documents that would help us understand the procedural or factual contexts in which those decisions were made.  There were no requests for judicial notice under Evidence Code section 452 of pleadings or orders from the prior lawsuits.  Additionally, we received no brief from respondents that would help us contextualize the few details we *can* collect from the record.  What we were able to glean, we gathered largely from Mack's second amended complaint and the trial court docket.

### A.    Factual Background

In August 2002, Traci Green, the owner of companies called Ma'mees and VII Series, Inc., acquired property located at 4601 West Slauson Avenue by quitclaim deed.  On November 25, 2004, Ma'mee's transferred title of the property to Mack, also by quitclaim.  Mack recorded her quitclaim deed on April 22, 2005,

---

jurisdiction to review the trial court's December 22, 2016 order to the extent it is an order denying a motion for reconsideration.

3

the same day VII Series obtained a loan and secured it with a deed of trust on the Slauson property in favor of Melvin Hoffman's company, Creative Investment.

In June 2005, Mack filed suit against Creative Investment, Green, Ma'Mees, and Series VII to quiet title in the Slauson property and for fraud. On March 30, 2007, the trial court entered judgment for Mack against Green, Ma'Mees, and Series VII for $190,429 on her fraud action and quieted title in Mack subject to two encumbrances.

The judgment was either modified or set aside and reentered in November 2007 to reflect an $82,914 judgment on Mack's fraud action against Green, Ma'Mees, and Series VII.[2]

While that litigation was pending, Melvin Hoffman allegedly initiated a "fraudulent foreclosure . . . on behalf of Creative Investment through . . . All Counties Trustee Services" (All Counties) based on the April 22, 2005 VII Series loan and sold the property in a trustee's sale. In March 2012, the trial court awarded a quiet title judgment to third parties that acquired the property in that trustee's sale. The record is silent about whether Mack appealed the judgment in that quiet title action. As a result, Mack no longer holds title to the property.

## B. Procedural Background

Mack initiated this action in November 2014. The trial court docket indicates that the court sustained demurrers and

---

[2] There are no documents from that litigation in the record before us. The two judgments from that action were attached to Mack's second amended complaint as exhibits. Language in the second judgment expressly incorporates a trial court memorandum and order laying out the case's procedural background. That memorandum and order, however, was not included in the record here.

granted motions to strike the original complaint. In July 2015, Mack filed a first amended complaint, alleging causes of action for promissory estoppel, wrongful foreclosure, conversion, breach of contract, fraud, and unfair business practices. All Counties, Creative Investment, Hoffman, and Abb demurred to the first amended complaint.

Before the pending demurrers could be heard, and without leave of court, Mack filed a second amended complaint on December 7, 2015. On April 1, 2016, the same defendants moved to strike the second amended complaint on the ground that it was filed without leave of court.

The trial court heard the defendants' demurrers to the first amended complaint and motion to strike the second amended complaint on June 2, 2016. The trial court sustained the demurrers to the first amended complaint without leave to amend and granted the motion to strike the second amended complaint.

On June 14, 2016, Mack filed a "motion for reconsideration, or in the alternative, motion to set aside judgment" based on the June 2, 2016 order. On June 22, 2016, the trial court entered a judgment of dismissal based on its June 2 order. The trial court denied the motion for reconsideration on December 22, 2016.

**DISCUSSION**

**A.     Vexatious Litigant Issues**

Mack filed her notice of appeal in propria persona. Because Mack has been found to be a vexatious litigant within the meaning of Code of Civil Procedure section 391.7, subdivision (a), we stayed the appeal and ordered Mack to show "that the litigation has merit and has not been taken for purposes of harassment or delay." (Code Civ. Proc., § 391.7, subd. (b).)

5

Instead, Mack retained counsel and substituted retained counsel for herself on March 2, 2017. On June 20, 2017, we discharged the order to show cause "[i]n light of retention of counsel" and reset the briefing schedule.

On September 8, 2017—more than a month before the record on appeal was filed—Mack's retained counsel filed a motion to withdraw, which we denied. In our order, we pointed out that "[c]ounsel appeared in this matter while an order to show cause was pending in light of [Mack's] status as a vexatious litigant; the order to show cause was discharged because [Mack] had retained counsel." We also stated that we would "allow counsel to withdraw if new counsel agrees to take over the representation."

On June 29, 2018, we notified the parties that the case was set for argument on July 24, 2018, and inviting a request for or waiver of oral argument. On July 9, 2018, we received a notice that Mack was substituting herself back into the litigation in propria persona, and, "based on [the] substitution of attorney filed concurrently herewith," that she would be appearing in propria persona to argue her appeal in spite of her status as a vexatious litigant and our previous orders.

Based on Mack's in propria persona substitution, we removed the case from the argument calendar. On July 30, 2018, we issued an order to show cause why the case should not be dismissed pursuant to Code of Civil Procedure section 391.3, subdivision (b) and the court's inherent power to control its proceedings in the interest of the prompt, fair, and orderly administration of justice. (See Cal. Const., art. VI, § 1; Code Civ. Proc., § 128, subd. (a); *Kinney v. Clark* (2017) 12 Cal.App.5th 724,

6

740.) We received no responses from any party to the order to show cause.

On August 10, 2018, after the deadline to respond to our order to show cause had expired, we received a substitution of attorney substituting counsel in the place of Mack's in propria persona representation.

Because Mack has retained counsel to represent her in the appeal, the order to show cause is discharged.

**B.    Mack's Motion to Vacate the June 22, 2016 Judgment**

Mack based her motion to vacate on Code of Civil Procedure section 473, subdivision (d), which states that the trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order."  The trial court here declined to set aside the June 22, 2016 judgment.  Because "the foundational question" on a motion to vacate under section 473, subdivision (d) is "whether the dismissals were in some . . . respect void or voidable," our review of the trial court's order is de novo.  (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146.)

Mack contends the June 22, 2016 judgment is void because the March 2012 quiet title judgment (based on the "fraudulent" trustee's sale) is void.  Mack contends the March 2012 quiet title judgment is void because she argues it conflicts with the trial court's November 2007 judgment.  The trial court's December 2016 order denying Mack's motion to vacate the June 2016 judgment says that Mack "failed to establish that the judgment is void or that it should be set aside for any other reason."

The record contains nothing that would establish that either the June 22, 2016 judgment or the March 2012 judgment is void on its face.  Other than in very broad terms without any

7

context, Mack's brief does not explain why she believes any particular judgment is void. Neither the briefing nor the record establish that any judgment is void.

" 'It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.' " (*Hotels Nevada v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Because we have no record upon which we might review the trial court's December 2016 order denying Mack's motion to vacate the June 2016 judgment, we affirm.

## DISPOSITION

The trial court's order denying Mack's motion to vacate the June 2016 judgment is affirmed. Respondent has made no appearance, and therefore no costs are to be awarded on appeal.

CERTIFIED FOR PUBLICATION.


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


CURREY, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.