Filed 8/18/20  Rogers v. Moses CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TASHA ROGERS, | B282126 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC563463) |
| v. | |
| ANTONIA MOSES, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Dismissed.

Ronda Baldwin-Kenney for Defendant and Appellant.

Riley Law Group, Grant K. Riley, Philip Shakhnis, and Tara Mitcheltree for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Antonia Moses purports to appeal from a postjudgment order denying her motion for reconsideration. We dismiss the appeal on two alternative grounds.

# II. BACKGROUND

Plaintiff Tasha Rogers sued her landlord, defendant Antonia Moses, for relocation fees after learning that the one-bedroom unit plaintiff rented from defendant was not a legal rental unit. On November 10, 2014, plaintiff filed her complaint against defendant.

Trial began on August 14, 2015. On August 17, 2015, during a recess, the parties agreed to settle the case. The parties stated the terms of the settlement, in which defendant agreed to pay plaintiff $35,000 in installments, on the record. The parties also agreed to sign a stipulation for entry of judgment if defendant failed to make the required payments.

Defendant defaulted on the first payment. On October 16, 2015, plaintiff filed a motion for entry of judgment, pursuant to Code of Civil Procedure[1] section 664.6.

On January 19, 2016, the parties appeared for a hearing on plaintiff's motion for entry of judgment and the trial court granted the motion.

On January 29, 2016, defendant filed a motion for reconsideration pursuant to section 1008, subdivision (a).

On February 22, 2016, the trial court entered judgment.

---

[1] Further statutory references are to the Code of Civil Procedure.

2

On January 4, 2017, the trial court issued its order denying defendant's motion for reconsideration.

On March 6, 2017, defendant filed her notice of appeal, stating that she appealed the trial court's January 4, 2017, order.

## III. DISCUSSION

"The right to appeal is wholly statutory. [Citation.] [S]ection 904.1 lists appealable judgments and orders." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) "An order denying a motion for reconsideration is not independently appealable." (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 937, fn. 1; see § 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."].) Because defendant purports to appeal from an unappealable order, we dismiss the appeal.

Even if we were to liberally construe defendant's notice of appeal as an appeal of the court's February 22, 2016, judgment, we would conclude that it was untimely filed. Under the California Rules of Court, rule 8.104(a)(1), defendant had 180 days from entry of the judgment, that is, until August 20, 2016, to file her notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1)(C).)[2] Because defendant did not file her notice of

---

[2] Rule 8.108(e) of the California Rules of Court provides for an extension of time to appeal if a valid reconsideration motion is filed under section 1008, subdivision (a), but only "until the

3

appeal until March 6, 2017, we alternatively dismiss the appeal as untimely.

---

earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." Where, as here, a trial court enters judgment while a motion for reconsideration is pending, the court is divested of jurisdiction to hear the motion and the court's subsequent denial of the reconsideration motion does not extend the time to appeal the judgment. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1481–1482.) Even if Rule 8.108(e) applied, the earliest of the three dates set forth in that rule is 90 days after the motion to reconsider was filed, that is, April 28, 2016.

4

## IV.  DISPOSITION

The appeal is dismissed.  Plaintiff is entitled to recover costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



KIM, J.


We concur:



BAKER, Acting P. J.




MOOR, J.