Filed 12/21/20  Pierce v. Heiple CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| KIP PIERCE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LISA HEIPLE,<br><br>    Defendant and Respondent. | B298594<br><br>(Los Angeles County<br>Super. Ct. No. BC663601) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Kip Pierce, in pro. per., for Plaintiff and Appellant.

Law Offices of Gary E. Shoffner and Gary E. Shoffner for Defendant and Respondent.

_____

Plaintiff and respondent Kip Pierce (plaintiff), in propria persona both below and on appeal, filed a complaint alleging that his ex-wife, defendant and respondent Lisa Heiple (defendant), fraudulently attempted to assert a lien against settlement proceeds he obtained in a separate lawsuit. The complaint alleged that defendant's husband, Jeff Heiple, aided and abetted defendant in her misconduct. Defendant and Jeff Heiple did not respond to the complaint, and the trial court entered default against them.

Defendant later appeared and successfully moved to vacate her default. She then filed an anti-SLAPP motion, and the trial court struck all causes of action alleged against her.

Plaintiff moved under Code of Civil Procedure[1] section 473, subdivision (d), to set aside the orders vacating default and granting the anti-SLAPP motion, claiming those orders were void. The trial court denied the motions. Ultimately, the trial court dismissed the complaint entirely, concluding that defendant's exoneration also exonerated Jeff Heiple, her alleged aider and abettor.

On appeal, plaintiff challenges (1) the trial court's denial of his motions to set aside the orders vacating default and granting the anti-SLAPP motion; (2) the trial court's dismissal of the complaint; and (3) the trial court's failure to hear a motion to amend the complaint before granting dismissal.

We conclude the trial court acted within its jurisdiction when it vacated defendant's default and granted the anti-SLAPP motion, and therefore those orders were not void. The trial court

_____

[1] Unspecified statutory references are to the Code of Civil Procedure.

2

properly dismissed the complaint because Jeff Heiple's liability depended on defendant's liability, and the anti-SLAPP statute shielded defendant from liability to plaintiff. Finally, we conclude plaintiff's motion to amend the complaint was untimely, and plaintiff has not provided a sufficient record for us to determine whether the trial court erred by not shortening time to hear that motion.

Accordingly, we affirm. We deny as moot defendant's motion to dismiss the appeal.

## PROCEDURAL BACKGROUND

The record is very lengthy. We limit our summary to those facts relevant to our resolution of this appeal.

### 1. Complaint

In June 2017, plaintiff, in propria persona, filed a complaint against defendant, his ex-wife. The complaint also named as defendants Jeff Heiple, who was defendant's then husband, and two entity defendants, Heiple Family Trust and Heiple Homes dba Ten Mile Lake Properties LLC (Heiple Homes). The complaint alleged that the trust defendant was the alter ego of both defendant and Jeff Heiple, and Heiple Homes was the alter ego of defendant.

Plaintiff alleged the following: After plaintiff's and defendant's divorce and related litigation, an Oregon court in 2004 issued a judgment requiring plaintiff to pay defendant $25,000 in monthly installments of $100.

In 2006, plaintiff settled an unrelated civil action in California in which defendant was not involved. Defendant filed a notice of lien on plaintiff's settlement proceeds, falsely claiming plaintiff owed her a lump sum under the Oregon judgment.

Defendant allegedly instructed her accountant to provide false accounting supporting her claim, and "forum shopped" to find a California court that would accept her position.

Plaintiff and defendant returned to court in Oregon, and in 2014, an Oregon appellate court ruled in plaintiff's favor, confirming he had no unpaid balance owed to defendant. Defendant then filed purportedly "sham" actions in Oregon in an unsuccessful attempt to undercut the Oregon appellate decision. Ultimately, defendant stopped contesting the matter and the settlement proceeds were released to plaintiff.

The complaint contains the following summary of plaintiff's claims: "This matter before the court is for the damages that occurred as a result of the falsified documents, claims and accountings [defendant] deceitfully used in her fraudulent attempts to make it appear in a court of law that the entire unpaid balance of the final 2004 Oregon installment judgment was immediately due and owing with falsified excessive interest, when it clearly never was, so that [defendant] could unlawfully convert [plaintiff's] personal property."

Plaintiff alleged five causes of action. The first was against defendant for conversion; the second was against defendant for fraud, deceit, and misrepresentation; the third was against defendant for abuse of process; the fourth was against Jeff Heiple for aiding and abetting defendant; and the fifth was against defendant for negligent infliction of emotional distress. Although listed as defendants, the complaint did not allege any causes of action against Heiple Family Trust or Heiple Homes.

## 2. Default

None of the defendants responded to the complaint, and the trial court entered their defaults at plaintiff's request. Before

4

plaintiff obtained a default judgment, however, defendant appeared, and filed a motion to vacate the entry of default against her. Defendant contended that plaintiff had never served her with the summons or complaint, and the proofs of service filed by plaintiff were false.

Defendant supported her motion with declarations from herself, Jeff Heiple, and two other people. Plaintiff filed a competing declaration from the purported process server. The trial court acknowledged the "conflicting evidence," but "g[ave] more weight to the evidence submitted by Defendant," and on January 5, 2018, set aside the default under section 473, subdivision (d).

Jeff Heiple and the entity defendants did not appear, and thus the trial court's order setting aside defendant's default left in place the defaults entered against the other defendants.

### 3. Special motion to strike

On January 8, 2018, three days after the trial court set aside the default, defendant filed a special motion to strike under section 425.16, the anti-SLAPP statute. Plaintiff opposed the motion.

Following a hearing, the trial court granted the special motion to strike on February 5, 2018. The trial court found that the first, second, third, and fifth causes of action arose out of activities protected under the anti-SLAPP statute, namely "Defendant's alleged filing of complaints/actions, fraudulent 'figures'/accounting/documents, and fraudulent Notice(s) of Lien in court action(s)." The trial court further found that the litigation privilege (Civ. Code, § 47, subd. (b)) shielded defendant's alleged conduct, and plaintiff therefore failed to

demonstrate a probability of prevailing on the first, second, third, and fifth causes of action.

Plaintiff moved for a new trial on the anti-SLAPP motion, which the trial court denied on April 5, 2018. Plaintiff did not appeal from the grant of the anti-SLAPP motion. (See § 904.1, subd. (a)(13) ["order granting or denying a special motion to strike under Section 425.16" is appealable].)

### 4. Plaintiff's first motion to set aside orders

On July 24, 2018, plaintiff filed a motion to set aside the trial court's January 5, 2018, order vacating defendant's default, and the February 5, 2018, order granting defendant's anti-SLAPP motion.[2] Plaintiff based his motion on section 473, subdivision (b), claiming extrinsic fraud or mistake, and section 473, subdivision (d), claiming clerical error and that the orders were void. Among other things, plaintiff argued the trial court had no jurisdiction because defendant's purportedly fraudulent notice of lien was based on an Oregon judgment.

The trial court denied plaintiff's motion on October 22, 2018.

### 5. Proceedings leading to judgment

On October 26, 2018, in responding to plaintiff's request for default judgment against Jeff Heiple and the entity defendants, the trial court sua sponte issued an order to show cause why it should not deny the request and dismiss the case. The trial court reasoned that Jeff Heiple's and the entity defendants' liability

---

[2] Plaintiff also moved to set aside the trial court's order denying his motion for a new trial. That order is not at issue in this appeal.

6

was derivative of defendant's liability, and defendant had no liability by virtue of the trial court's ruling in defendant's favor on the anti-SLAPP motion. The trial court granted a continuance at plaintiff's request on January 17, 2019, and set the hearing on the order to show cause for April 26, 2019.

Plaintiff subsequently filed a series of motions that we summarize in turn.

On January 17, 2019, plaintiff filed a motion once again seeking to set aside the January 5, 2018 order vacating the default against defendant. Plaintiff contended the trial court's conclusion that defendant's evidence of improper service outweighed plaintiff's contrary evidence was a "clerical mistake" correctable under section 473, subdivision (d). Plaintiff further argued the order was void for lack of jurisdiction: "The [trial] Court had no power to grant relief to Defendants because the Defendants were served and chose not to answer the complaint . . . ." The motion was noticed for April 26, 2019.

On March 29, 2019, plaintiff filed a motion under section 473, subdivision (d) again seeking to set aside the February 5, 2018 order granting defendant's anti-SLAPP motion. Plaintiff contended the trial court's evidentiary conclusions were clerical mistakes, and the trial court lacked subject matter jurisdiction under principles of res judicata and full faith and credit, which favored the Oregon judgment. The motion was noticed for July 5, 2019.

Also on March 29, 2019, plaintiff filed a motion for leave to file an amended complaint. Plaintiff wished to add a new defendant (unidentified in the motion) and additional causes of action based on facts purportedly discovered after the filing of the original complaint. The motion stated, "Some causes of action[ ]

7

may include (1) extortion, (2) libel per se, (3) intentional infliction [of] emotional distress, [and] (4) defamation per se." The motion was noticed for July 12, 2019.

Plaintiff applied ex parte to shorten time to hear his motion to set aside the grant of the anti-SLAPP motion and his motion for leave to amend the complaint. The trial court granted the application as to the motion to set aside, advancing that hearing to the same day as the order to show cause, April 26, 2019. The trial court did not grant the application as to the motion for leave to amend, which remained scheduled for hearing on July 12, 2019.[3]

On April 12, 2019, plaintiff filed a "motion for order to show cause not to dismiss" and a "request for default judgment." This motion was, in essence, an opposition to the trial court's order to show cause regarding dismissal. Plaintiff argued that Jeff Heiple's liability was not dependent on defendant's liability because Jeff Heiple had declared he was not a trustee of Heiple Family Trust. Plaintiff did not elaborate on this argument.

## 6. Judgment

Following the hearing on April 26, 2019, the trial court denied plaintiff's motions to set aside the orders vacating defendant's default and granting her anti-SLAPP motion. The court found the two motions were "actually improper and untimely motions for reconsideration. [Citation.] Moreover,

---

[3] The minute order addressing the ex parte application has several typographical errors that make it difficult to understand, but the only hearing it refers to rescheduling is the July 5, 2019, hearing, which was the hearing on the motion to set aside the grant of the anti-SLAPP motion.

8

based upon the Court's review, there is no basis to set aside either order." The court further ordered the complaint dismissed with prejudice because the only remaining cause of action was for aiding and abetting the causes of action struck under the anti-SLAPP statute.

The trial court vacated the later-scheduled hearing on plaintiff's motion for leave to amend the complaint, stating, "I'm not going to hear a motion to amend a complaint after I've signed the judgment."

The trial court dismissed all causes of action with prejudice and entered judgment in favor of defendants. Plaintiff appealed.[4]

## DISCUSSION

### A. The Orders Setting Aside Defendant's Default and Granting Her Anti-SLAPP Motion Are Not Void

Section 473, subdivision (d) provides, in relevant part: "The court may, . . . on motion of either party after notice to the other party, set aside any void judgment or order."[5] "A judgment [or order] is void to the extent it provides relief 'which a court under no circumstances has any authority to grant.' " (*Doppes v.*

---

[4] Plaintiff's notice of appeal states that plaintiff appeals from "[a]n order after judgment . . . ." All of the orders challenged in this appeal, however, were entered before judgment. We therefore construe this appeal as an appeal from a judgment of dismissal.

[5] Section 473, subdivision (d) also provides for correction of "clerical mistakes," a principle upon which plaintiff relied in his motions below, in addition to arguing the orders were void. He does not invoke that principle on appeal, however, and we do not address it further.

*Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009 (*Doppes*).) Examples include judgments or orders entered when the court " 'lack[ed] fundamental authority over the subject matter, question presented, or party . . . .' " (*Vitatech Internat., Inc. v. Sporn* (2017) 16 Cal.App.5th 796, 807; see, e.g., *Sindler v. Brennan* (2003) 105 Cal.App.4th 1350, 1352 [judicial proceedings in violation of automatic bankruptcy stay void]); *Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1154 (*Renoir*) [default judgment void when defendant not properly served]; *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 974 [default judgment awarding more than was demanded in complaint void].)

In contrast, "[e]rrors of substantive law are within the jurisdiction of a court and are not typically acts beyond the court's fundamental authority to act." (*Fireman's Fund Ins. Co. v. Workers' Comp. Appeals Bd.* (2010) 181 Cal.App.4th 752, 767 (*Fireman's Fund*).) Put another way, errors of law do not render a judgment void, so long as the court " ' "has jurisdiction in the 'fundamental sense' (i.e., jurisdiction over the subject matter and the parties) . . . ." ' " (*Ibid.*)

Motions under section 473, subdivision (d) are not subject to time limits: " ' "It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order. [Citations.]" [Citations.]' " (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

We review de novo the trial court's determination whether an order should be set aside as void. (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940.)

The trial court concluded plaintiffs' motions to set aside the trial court's orders vacating defendant's default and granting her anti-SLAPP motion were in fact untimely motions for reconsideration of those earlier orders. Both motions, however, purport to challenge the trial court's jurisdiction to issue the earlier orders. That is sufficient to bring the motions within the ambit of section 473, subdivision (d).[6] Indeed, the trial court accounted for this, alternatively ruling on the merits that the motions lacked any basis to set aside the orders.

### 1. *The order setting aside defendant's default is not void*

We disagree with plaintiff that the trial court lacked fundamental jurisdiction to vacate the default entered against defendant. Section 473, subdivision (d) grants trial courts the authority to set aside orders they determine are void. Orders pertaining to defendants who have not been properly served are void. (*Renoir, supra*, 123 Cal.App.4th at p. 1154.) The trial court therefore had jurisdiction to determine if plaintiff properly had

---

[6] Arguably, plaintiff's motions could be construed as motions to reconsider the trial court's October 22, 2018, denial of plaintiff's first attempt to set aside the vacation of default and grant of the anti-SLAPP motion, in which case they would appear to be untimely. (See § 1008, subd. (a) [10-day deadline for reconsideration motions].) We need not decide that question, however, because even construed as motions under section 473, subdivision (d), as plaintiff contends, plaintiff does not prevail on the merits.

11

served defendant, and if not, to set aside the default based on such a finding.

Plaintiff contends the evidence showed defendant *had* been properly served, or at least, was constructively aware of the litigation, and therefore the trial court had no basis to set aside the default. He claims the evidence he provided of proper service and/or constructive awareness "incontrovertibly outweighs the evidence" submitted by defendant. This evidentiary challenge goes to the merits of the trial court's specific determination in this case, not its fundamental authority over the parties and the subject matter. (*Fireman's Fund*, *supra*, 181 Cal.App.4th at p. 767 [" 'insufficiency of evidence' " is a " 'nonjurisdictional error[ ]' "].) Plaintiff's argument does not establish that the trial court's order was void under section 473, subdivision (d).

## 2. *The order granting defendant's anti-SLAPP motion is not void*

We also disagree with plaintiff that it was not within the trial court's power to grant defendant's anti-SLAPP motion. Trial courts unquestionably have that authority under section 425.16, the anti-SLAPP statute, which provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The trial court therefore acted within its jurisdiction when it determined that plaintiff's first through third and fifth causes of action arose from

12

constitutionally protected activity and that plaintiff had failed to show a probability of prevailing on those claims.

The thrust of plaintiff's argument to the contrary is that any entitlement defendant had to plaintiff's settlement proceeds, against which she asserted a lien, depended on rulings by the Oregon courts. Those courts had determined that defendant was not entitled to anything, a ruling plaintiff contends bound the trial court under principles of res judicata and full faith and credit. Plaintiff concludes from this that the trial court lacked jurisdiction to protect defendant under the anti-SLAPP statute, presumably because the Oregon rulings rendered defendant's attempt to assert a lien meritless and illegal. Plaintiff further argues that the trial court wrongly concluded the litigation privilege protected defendant's filing of her notice of lien. Plaintiff also raises procedural challenges, including claiming the trial court abused its discretion by hearing what plaintiff contends was a late-filed anti-SLAPP motion. (§ 425.16, subd. (f) [anti-SLAPP motions "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper."].)

Again, an order may be set aside as void only "to the extent it provides relief 'which a court under no circumstances has any authority to grant.' " (*Doppes*, *supra*, 174 Cal.App.4th at p. 1009.) Plaintiff does not argue, nor could he, that that the trial court " 'under no circumstances has any authority to grant' " an anti-SLAPP motion. Rather, plaintiff's arguments go to the specific circumstances of this case, namely, whether the trial court properly determined that defendant's alleged conduct was constitutionally protected and that plaintiff had no probability of prevailing on his causes of action. Assuming arguendo the trial

13

court ruled incorrectly in this case, that does not mean it lacked fundamental authority to adjudicate an anti-SLAPP motion seeking to strike a complaint filed in that court.

## B. The Trial Court Properly Dismissed the Cause of Action Against Jeff Heiple

We reject plaintiff's argument that the trial court erred in dismissing the fourth cause of action against Jeff Heiple, despite the entry of default against him.

"A default judgment may be improper against one of several codefendants if the other has raised defenses which, if proven, would establish the nonliability of the defaulting defendant." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2018) ¶ 5:263, italics omitted.) Thus, for example, an employee's successful defense against a negligence claim also exonerated his defaulting employer, sued under the theory of respondeat superior. (*Plott v. York* (1939) 33 Cal.App.2d 460, 463.) In such a case, "the plaintiff cannot take judgment against the defendant in default, for the reason that upon the whole record it appears that plaintiff has no right of action." (*Ibid.*) Similarly, "[t]he rule is definitely established that where there are two or more defendants and the liability of one is dependent upon that of the other[,] the default of one of them does not preclude his having the benefit of his codefendants establishing, after a contested hearing, the nonexistence of the controlling fact; in such case the defaulting defendant is entitled to have judgment in his favor along with the successful contesting defendant." (*Adams Mfg. & Engineering Co. v. Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, 655.)

Here, the fourth cause of action alleged that Jeff Heiple aided and abetted defendant's "wrongful actions involving fraud

14

and deceit to unlawfully convert [plaintiff's] personal property . . . ." Thus, Jeff Heiple's liability was dependent on, and derivative of, defendant's liability. Because the trial court ruled that defendant's alleged conduct was shielded by the anti-SLAPP statute, and therefore not actionable, Jeff Heiple's alleged aiding and abetting of that conduct similarly was not actionable. As in *Plott*, the exoneration of defendant also exonerated her alleged aider and abettor, even though he was in default.

Plaintiff argues, as he did below, that Jeff Heiple stated in a declaration that he was not a trustee of the Heiple Family Trust. "Thus," argues plaintiff, "there is no alter ego for Jeff Heiple and the default judgment applies to Jeff Heiple. In other words, Jeff Heiple is not dependent on [defendant]."

Our holding on this issue has nothing to do with the trust or alter egos. Jeff Heiple's liability is dependent on defendant's liability not because of any legal relationship, but because plaintiff alleged that Jeff Heiple assisted defendant in the misconduct underlying the causes of action alleged against her.

Plaintiff does not challenge the trial court's dismissal of the complaint in regard to Heiple Family Trust and Heiple Homes, and therefore gives us no cause to reverse the judgment as to those defendants.

## C. The Trial Court Did Not Err in Not Allowing Plaintiff to Amend the Complaint

As discussed earlier, the trial court vacated the hearing on plaintiff's motion for leave to amend his complaint, which was set to be heard in July 2019, months after the trial court entered judgment. Plaintiff objects that the trial court did not grant his ex parte request to shorten time to hear the motion. He also

15

contends his motion for leave to amend established that he could cure any defects in his original complaint.

Plaintiff has not provided a sufficient record for us to determine whether the trial court erred by not granting the ex parte request to shorten time. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [appellant has affirmative obligation to provide adequate record to assess claim of abuse of discretion].) The record contains a declaration from plaintiff purportedly filed concurrently with the ex parte application, but the application and any supporting memorandum of points and authorities are not themselves in the record. There is no reporter's transcript of the ex parte proceeding, and the trial court's minute order does not explain its reasoning for not granting the application. " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) Thus, "[t]he absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion." (*Wagner*, at p. 259.)

Absent a showing that the trial court erred in not shortening time, we must conclude the trial court properly declined to hear the motion for leave to amend the complaint, which was scheduled for hearing months after the hearing on the order to show cause at which the trial court dismissed the complaint with prejudice. Because the trial court did not reach the merits of the motion for leave to amend, we decline to do so as well.

16

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.  Defendant's motion to dismiss the appeal is denied as moot.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

17