Filed 8/20/24  Royal Palm Crest v. Groft CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ROYAL PALM CREST, INC., | B331401 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 22STRO06123) |
| v. | |
| SAMUEL GROFT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy Martella, Judge.  Affirmed.

Samuel Groft, in pro per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Samuel Groft appeals from a three-year workplace violence restraining order (WVRO) obtained by Royal Palm Crest, Inc., (Royal Palm) under Code of Civil Procedure section 527.8,[1]

_____

[1]     Further statutory references are to the Code of Civil Procedure.

protecting three Royal Palm employees. Groft contends the trial court violated his due process rights by holding the WVRO hearing in his absence, even though he told opposing counsel he was running late and the attorney agreed to wait for him to arrive. Because the record on appeal does not support Groft's contentions, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2022 Royal Palm filed a petition for a WVRO against Groft protecting three Royal Palm employees: Promise Okechukwu, Collenthmary Chukwu, and Eke Ukpai. The trial court issued a temporary restraining order (TRO) the following day. The TRO was reissued and the hearing on the WVRO was continued multiple times. On February 23, 2023 Groft filed a request to continue the hearing, which was granted. On May 25, 2023 Groft gave notice that the hearing had again been continued to July 5, 2023.

On July 5, 2023 the trial court held a hearing on Royal Palm's request for a WVRO. According to the minute order, the court called the matter for hearing at 1:40 p.m. Royal Palm's attorney, Ali Ziai, appeared for Royal Palm, and Okechukwu was present. Groft did not appear by 1:40 p.m., nor did he call the courtroom. Ziai confirmed that the facts in the petition for a WVRO were correct and Royal Palm was still seeking a WVRO.

The trial court granted Royal Palm's request and issued a three-year WVRO protecting Okechukwu, Chukwu, and Ukpai. According to the July 5 minute order, the court reviewed the case

2

file, moving papers, and supporting declarations.[2]  The WVRO prohibited Groft from harassing, following, contacting, or taking any action to obtain the addresses of the three employees.  The order also required Groft to stay 100 yards away from Okechukwu, Chukwu, and Ukpai, as well as their homes, schools, vehicles, and children's schools and childcare.  The order prohibited Groft from owning any firearms or ammunition.

Groft timely appealed.

## DISCUSSION

"Section 527.8 permits an employer to seek a restraining order on behalf of an employee who has 'suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace.'  (§ 527.8, subd. (a).)  A 'credible threat of violence' includes a 'course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose.'  (§ 527.8, subd. (b)(2).)"[3]  (*City of Los Angeles v. Herman* (2020)

---

[2]  Groft did not designate for inclusion in the appellate record Royal Palm's initial request for a WVRO or the supporting declarations.

[3]  Section 527.8, subdivision (a), provides, "[A]ny employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an order after hearing on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and,

3

54 Cal.App.5th 97, 102; accord, *Technology Credit Union v. Rafat* (2022) 82 Cal.App.5th 314, 322.)  Under section 527.8, subdivision (j), "[i]f the judge finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence, an order shall issue prohibiting further unlawful violence or threats of violence."

Groft's sole contention on appeal is that his due process rights were violated because the trial court held the hearing on the WVRO without his presence even though he was only 10 minutes late and had informed opposing counsel that he was running late.[4]  However, Groft has not supported his contention with any evidence in the record showing that he appeared in court 10 minutes late (or at all) or requested opposing counsel or the court to delay the hearing until he arrived.  To the contrary, the minute order from the July 5 hearing states that Groft had not contacted the court.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; accord, *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619, 621 [affirming grant of WVRO where appellant failed to

if appropriate, other employees at other workplaces of the employer."

[4]     Groft also argues he was prejudiced by the order because he has a pending criminal case.  The appellate record does not contain any information regarding a pending criminal case, nor does Groft make any arguments as to how a pending criminal case is relevant to his appeal.

address evidence in record supporting order].) "'"Failure to provide an adequate record on an issue requires that the issue be resolved against appellant."'" (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940; accord, *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348; see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141 ["'[b]ecause [the appellant] failed to furnish an adequate record of the attorney fee proceedings, [the appellant's] claim must be resolved against [him]'"].)[5]

---

[5] At oral argument Groft again stated that he called opposing counsel to say he would be running late and that opposing counsel responded that he would ask the superior court to delay the hearing. As discussed, however, the record does not show that this call was made or how late Groft appeared in court. If Groft believed the trial court should have set aside the WVRO as a result of his mistake, inadvertence, surprise, or excusable neglect, he could have sought relief in the trial court and presented evidence that he spoke with opposing counsel or showing the time he appeared in court. (See *County of San Bernardino v. Mancini* (2022), 83 Cal.App.5th 1095, 1102 ["Section 473(b) authorizes the trial court to vacate a dismissal, order, or judgment if it occurred because of the excusable mistake, inadvertence, surprise, or neglect of a party or its attorney."].)

We acknowledge a self-represented litigant's understanding of the rules in the trial court or on appeal are, as a practical matter, more limited than an experienced attorney's. Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. However, we are required to apply the rules on appeal and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Accordingly, on the record before us, there was no due process violation.  Groft had notice of the hearing but failed to appear; the trial court reviewed Royal Palm's moving papers and supporting declarations; and Groft does not contend substantial evidence does not support issuance of the WVRO.

## DISPOSITION

The order is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.


6