Filed 1/21/26  Townsend v. Kang CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KALI JAMAL TOWNSEND,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BYUNG WOO KANG,<br><br>Defendant and Respondent. | B345164<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV23323) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven Ellis, Judge.  Affirmed.

Kali Jamal Townsend, in pro. per., for Plaintiff and Appellant.

Law Office of Baruch C. Cohen and Baruch C. Cohen for Defendant and Respondent.

————————

Plaintiff Kali Jamal Townsend appeals from the order denying his motion to vacate or set aside the judgment entered after the court granted defendant Byung Woo Kang's unopposed motion for summary judgment. Plaintiff argues that the trial court ignored evidence of excusable neglect, failed to consider the substance of his motion, and relied on procedural defects and delays in denying his motion to set aside. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, plaintiff sued defendant for battery. Although initially represented in the lawsuit, plaintiff became self-represented less than two years into the litigation. In March 2024, defendant moved for summary judgment; plaintiff did not file an opposition. At the August 2024 summary judgment hearing, plaintiff appeared and moved for a continuance so that he could obtain counsel. The trial court denied the continuance and granted defendant's motion for summary judgment. The court entered a judgment dismissing plaintiff's lawsuit in September 2024.

Plaintiff obtained counsel in October 2024, and a month later, moved to set aside or vacate the judgment pursuant to Code of Civil Procedure section 473, subdivision (b).[1] The record provided by plaintiff on appeal does not contain a copy of this motion. We have gleaned this timeline from the case register, two declarations filed in support of the motion, and the court's ruling, all of which are in the record.

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

On January 29, 2025, the trial court denied plaintiff's motion. The trial court explained that plaintiff failed to show any mistake, inadvertence, surprise, or excusable neglect to justify discretionary relief under the statute. The court stated: "[Plaintiff] was aware of his case, he was sent notice of the various court proceedings, he does not state that he did not receive these notices, he was aware of the pending motion for summary judgment (and he appeared at the hearing), but the fact remains that he did nothing to litigate his case for more than one year and he did nothing to oppose a dispositive motion for five months. Although the Court is aware of the difficulties that Plaintiff and other self-represented litigants face in our civil justice system, such difficulties—whether considered alone or combined with the evidence presented in connection with this motion—do not on this record constitute mistake, inadvertence, surprise, or excusable neglect."

The trial court further explained: "To the extent that Plaintiff is essentially arguing that the Court erred in not granting his oral request for a continuance of the summary judgment hearing (made for the first time at the hearing), the Court notes that Plaintiff did not file a timely motion for reconsideration under Code of Civil Procedure section 1008—nor could he have, as Plaintiff offers no facts that could not have been presented to the Court in connection with a timely opposition to Defendant's summary judgment motion and/or a timely request for a continuance of the hearing."

Plaintiff timely appealed.

## DISCUSSION

Plaintiff argues that the trial court ignored evidence of excusable neglect, failed to consider the substance of his motion,

and relied on procedural defects and delays in denying his motion to set aside. He asserts that the court should have accounted for "the challenges non-lawyers face" in exercising discretion, and the public policy in favor of resolving cases on the merits supports reversal. As we explain below, plaintiff has failed to show that the trial court abused its discretion in denying the motion to vacate or set aside the judgment.

## I. Plaintiff Has Forfeited His Appellate Arguments

As a threshold matter, we conclude that plaintiff has forfeited any challenge to the order denying his motion to vacate or set aside due to his failure to provide an adequate record on appeal and failure to cite the record in his briefs. " ' "It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant." ' " (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940; *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [same].) Here, plaintiff appeals the denial of his motion to vacate or set aside the judgment but did not include that motion in the clerk's transcript. This error is fatal to his appeal because we cannot adequately review the trial court's decision without knowing his arguments in the motion.

Further, plaintiff failed to cite the record anywhere in his briefs as required by the Rules of Court, rule 8.204(a)(1)(C). Allegations that are not supported by references to the record are deemed forfeited. The court is not required to make an independent search of the record and may disregard any claims when no reference is furnished. (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745; *Nwosu v. Uba* (2004)

4

122 Cal.App.4th 1229, 1246; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

## II. Plaintiff's Evidence Shows No Mistake, Inadvertence, Surprise, or Excusable Neglect

Even if we were to address the merits of the court's order denying plaintiff's motion, we find no abuse of discretion. Section 473, subdivision (b) states: "The court may, upon any terms as may be just, relieve a party or his or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect. . . . [T]he court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against the attorney's client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against the attorney's client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

The party moving under section 473, subdivision (b) bears the burden of demonstrating entitlement to relief by providing a satisfactory explanation—excusable mistake, surprise, or neglect—for the judgment they seek to set aside. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420, 1423 (*Huh*); *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623–624.) In that regard, it is "simply not enough to assert a general state of misapprehension or ignorance." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 (*Hopkins*).) Rather, the moving party must "specify

the actual cause of his failure . . . and explain why that failure should be excused." (*Ibid.*) We review the trial court's ruling on the section 473, subdivision (b) motion for abuse of discretion. (*Huh,* at p. 1419.)

Here, plaintiff's new attorney submitted a declaration in support of plaintiff's motion but did not attest to his own mistake, inadvertence, surprise, or excusable neglect, likely because counsel was not involved in this case until after the judgment was entered. Counsel's declaration thus did not entitle plaintiff to relief under section 473.

Plaintiff's own declaration likewise provides no satisfactory explanation for his failure to respond to the motion for summary judgment. Plaintiff states that from May 2023 through September 2024, he attempted to litigate in propria persona and "diligently sought new representation" by contacting one attorney who he named and other unnamed lawyers through several websites. He attested that, "due to the fact that my vocation requires me to drive to locations that are outside of Los Angeles County and often out of the state of California while I supported my family and attempted to self-medicate the trauma I suffered, I was unable to find representation as I had little time to meet in person with potential law offices and lawyers so that they would genuinely understand my case." Plaintiff provides no other information about why he failed to respond to the motion for summary judgment.

It is well established that "[t]he 'naïveté' of lay litigants in 'rely[ing] on themselves to protect their substantial legal interests' does not afford a ground for relief from adverse results. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 979.)" (*Hopkins, supra,* 200 Cal.App.4th at p. 1414.) "The law does not entitle a

party to proceed experimentally without counsel and then turn back the clock if the experiment yields an adverse result. One who voluntarily represents himself 'is not, for that reason, entitled to any more (or less) consideration than a lawyer. Thus, any alleged ignorance of legal matters or failure to properly represent himself can hardly constitute 'mistake, inadvertence, surprise or excusable neglect' as those terms are used in section 473.' (*Goodson v. The Bogerts, Inc.* (1967) 252 Cal.App.2d 32, 40.) Rather, 'when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.' (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)" (*Id.* at p. 1413.)

The declarations that supported plaintiff's motion to vacate or set aside failed to provide any qualifying basis for relief. Plaintiff's assertions regarding his work schedule, personal difficulties, and challenges in securing new counsel fall short of the required showing. Case law makes clear that self-representation and the difficulties attendant to it do not constitute grounds for relief under section 473, subdivision (b), and litigants who elect to proceed without counsel are bound by the consequences of that choice. On this record, the trial court acted well within its discretion in concluding that plaintiff failed to demonstrate excusable neglect or any other statutory basis to set aside the judgment.

7

## DISPOSITION

The court's order is affirmed.  Defendant Byung Woo Kang is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

HANASONO, J.