Filed 3/24/26  Karlin v. Guastini CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BENJAMIN MILES KARLIN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAOLA GUASTINI,<br><br>    Defendant and Appellant. | B338432<br><br>(Los Angeles County<br>Super. Ct. No. BD572027) |

  APPEAL from an order of the Superior Court of Los Angeles County, Wendy L. Wilcox, Judge.  Affirmed.

  Paola Guastini, in propria persona, for Defendant and Appellant.

  No appearance for Plaintiff and Respondent.

_____

Appellant Paola Guastini appeals the trial court's order awarding to respondent Benjamin Miles Karlin (her ex-husband) sole legal custody of their son, Theo, and vesting Karlin with "tie-breaking authority" with respect to decisions regarding their son Vittorio. We affirm because Guastini provided an inadequate record for us to review her claims of error, and because she forfeited her arguments by failing to cite to the record she did provide.

### FACTUAL AND PROCEDURAL BACKGROUND

From the record Guastini provided, we discern the following events:

### A. *The Parties File RFOs*

On August 16, 2023, Guastini filed a Request for Order to modify custody, visitation, and child and spousal support attorneys' fees. The RFO is not in the record.

On October 10, 2023, Karlin filed an RFO seeking sanctions pursuant to Family Code section 271.[1] On October 27, 2023, Karlin filed another RFO seeking sanctions pursuant to Code of Civil Procedure sections 128.5 and 128.7. Neither RFO is in the record. It appears that Guastini did not oppose either RFO.

---

[1] (§ 271, subd. (a) ["Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys"].) Undesignated statutory references are to the Family Code.

2

On January 17, 2024, Guastini submitted a "Verified Memorandum of Points and Authorities: [¶] 1. In Support of Her RFO and in Opposition to Petitioner's Request for Affirmative Relief; and [¶[ 2. In Opposition to Petitioner's Supplemental Declaration; and [¶] 3. To Provide Information to the Court For Status Review Hearing." The memorandum contained, among other things, various complaints about how hard Guastini worked to emotionally support the couple's sons despite a materially lesser income, Karlin's failings as a father toward Theo, how Karlin "fraudulently induced" Guastini to enter into the stipulated judgment that apparently resolved their divorce, how Karlin's apparent adherence to that judgment amounted to abuse and coercive control, and how Karlin was acting "like a **tightwad cheapo** when it came to sharing expenses," who caused Guastini to be "**nickeled and dimed from here to eternity ad nauseum** [*sic*]." (Emphases in original.)

On January 18, 2024, Guastini made an ex parte RFO for an emergency order for support. The court denied it.

### B.     *The January 19, 2024 Hearings*

On January 19, 2024, the court held a "Review Hearing" as well as a hearing on Guastini's RFO and Karlin's RFOs. The purpose of the review hearing appears to have been for the parties to update the court about the status of Theo's therapy. The court ordered Theo to continue therapy and ordered the parents to speak with the therapist about therapy under section 3190.[2]

---

[2] (§ 3190, subd. (a) ["The court may require parents . . . involved in a custody or visitation dispute, and the minor child, to participate in outpatient counseling with a licensed mental

*(Fn. is continued on the next page.)*

3

As for Guastini's RFO, after the court opined that spousal support had ended pursuant to the judgment, and that Guastini did not seem to have met her burden to obtain an order modifying the amount of child support Karlin was paying, Guastini's attorney asked the court to take her RFO off-calendar, and the court agreed.[3]

The court continued the remaining hearings to February 21, 2024, and ordered the parents to "file and exchange simultaneous proposals . . . on how best to move forward with communicating" by February 15, 2024.

## C. *The February 21, 2024 Hearings*

On February 20, 2024, Guastini submitted to the court an e-mail from Theo's therapist regarding her thoughts on therapy under section 3190. However, at the February 21 hearing, the court deemed the declaration untimely and declined to consider it. The court ordered Karlin's attorney to select a therapist for therapy under section 3190, and for Theo and Karlin to participate in ten sessions of such therapy.

The court also awarded Karlin sole legal custody of Theo and "tie-breaking authority with respect to legal custody and decision making" as to Vittorio.

---

health professional, . . . if the court finds both of the following: [¶] (1) The dispute between the parents, between the parent or parents and the child . . . poses a substantial danger to the best interest of the child [¶ and] (2) The counseling is in the best interest of the child"].)

[3] Guastini also apparently withdrew a "Request for Order to amend the Request for Order."

4

The court sanctioned Guastini $250 under section 271, finding her conduct "did frustrate . . . the policy of the law." The court additionally sanctioned Guastini $950 under Code of Civil Procedure sections 128.5 and 128.7.

The reporter's transcript for the February 21, 2024 hearing is not in the appellate record.

Guastini timely appealed the order granting Karlin sole legal custody of Theo and tie-breaking authority as to Vittorio.

## DISCUSSION

On appeal, Guastini claims the court's order awarding sole legal custody of Theo to Karlin, as well as vesting him with "tie-breaking authority" as to Vittorio, was an "ex parte[,] sua sponte order" that was an abuse of discretion because it was "arbitrary, unreasonable, unsupported by the record, and contrary to the children's best interests." Guastini claims Karlin never sought to modify legal custody or obtain tie-breaking authority, and thus the court acted without notice. She also argues the court did not make necessary findings and ignored relevant evidence.

It is "a fundamental rule of appellate review that an appealed judgment or order is presumed correct." (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 643–644.) " ' "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*Ibid.*) " ' "It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant." ' " (*Mack v. All Counties Trustee Services, Inc.* (2018) 26 Cal.App.5th 935, 940.)

5

The record Guastini provides does not permit us to review any of her assignations of error. Without the RFOs or any evidence Karlin submitted in support thereof, we cannot determine whether the court issued orders without notice, whether substantial evidence supports any factual findings the court made, or whether any of the court's decisions exceeded the bounds of reason. Without a transcript or settled statement from the hearing in which these orders were made, we do not know whether Guastini objected to any purported deficiencies in notice, evidence, or necessary findings or, in the alternative, affirmatively waived such objections. Therefore, we must resolve these issues against Guastini.

Moreover, an appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.) Guastini's appellate brief is devoid of any citations to the record. She has thus forfeited her arguments as well.

**DISPOSITION**

The court's order is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

7