[No. G039922. Fourth Dist., Div. Three. June 8, 2009.]

AUGUST B. DOPPES, Plaintiff and Respondent, v.
BENTLEY MOTORS, INC., Defendant and Appellant.

COUNSEL

Kaplan Lee, Jonathon Kaplan, David A. Goldsmith and Yitz E. Weiss for Defendant and Appellant.

Buchalter Nemer, Steven Brower, Robert M. Dato; Law Offices of Jeffrey S. Benice and Jeffrey S. Benice for Plaintiff and Respondent.

OPINION

FYBEL, J.—

### INTRODUCTION

August B. Doppes purchased a Bentley automobile that produced an obnoxious odor in its interior. He prevailed at trial against Bentley Motors, Inc. (Bentley), on claims for violation of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.), breach of express warranty, and breach of implied warranty. The judgment awarded Doppes reimbursement concurrent with his return of the car to Bentley and prejudgment interest at an annual rate of 7 percent.

Bentley did not appeal from the judgment. Instead, eight months after its entry, Bentley filed a motion to set aside the judgment under Code of Civil Procedure section 473, subdivision (d) on the ground it was void. Bentley argued the trial court exceeded its jurisdiction by awarding prejudgment interest because the Song-Beverly Consumer Warranty Act does not permit its recovery. The trial court denied the motion, and Bentley appealed.

We hold the Song-Beverly Consumer Warranty Act permits recovery of prejudgment interest under Civil Code section 3287. The trial court, therefore, did not exceed its jurisdiction by awarding prejudgment interest and did not err by denying Bentley's motion to set aside the judgment. Accordingly, we affirm.

### FACTS AND PROCEDURAL HISTORY

In April 2002, Doppes purchased a new 2001 model year Bentley Arnage automobile from Newport Auto Center (NAC). Soon after purchasing the automobile, he noticed an "obnoxious odor" in its interior. At Doppes's request, NAC tried unsuccessfully to repair the car on several occasions, resulting in the car being out of service for 171 days. Doppes demanded that Bentley repurchase or replace the car or make restitution in accordance with

Civil Code section 1793.2, subdivision (d)(2), part of the Song-Beverly Consumer Warranty Act. Bentley refused.

In 2004, after a Better Business Bureau hearing, Doppes filed his initial complaint against Bentley and NAC. The operative complaint became the third amended complaint, which alleged causes of action against Bentley for damages and civil penalties under the Song-Beverly Consumer Warranty Act, breach of express warranty, breach of implied warranty of fitness, and fraudulent concealment. The third amended complaint sought damages of no less than $192,736.49, civil penalties of two times the amount of actual damages, punitive damages, rescission, prejudgment interest, and attorney fees.

A jury found that Bentley violated the Song-Beverly Consumer Warranty Act and concealed a material fact, but found that neither the violation nor the concealment was intentional. The jury also found Bentley breached express and implied warranties. The jury awarded Doppes $214,300 as reimbursement for a new vehicle and $100,000 for breach of express and implied warranties.

Doppes submitted a proposed judgment under which he elected to receive $214,300 in exchange for returning the Bentley automobile. The proposed judgment included prejudgment interest from the date of purchase of the automobile in April 2002 to the date of entry of judgment at the annual rate of 7 percent. Bentley filed objections to the proposed judgment, supported by a memorandum of points and authorities arguing Doppes was not entitled to prejudgment interest.

On March 14, 2007, the trial court conducted a hearing on Bentley's objections to the proposed judgment. The court stated, "I think Doppes is entitled to prejudgment interest."

The judgment, entered in March 2007, awarded Doppes $214,300 as reimbursement concurrent with his return of the Bentley automobile and prejudgment interest at a 7 percent annual rate. Bentley did not file a postjudgment motion to vacate the judgment pursuant to Code of Civil Procedure section 663.

Doppes appealed from the judgment. Bentley did not appeal from the judgment.

In November 2007, eight months after entry of judgment, Bentley filed a "motion to set aside judgment void on its face" pursuant to Code of Civil Procedure section 473, subdivision (d). The motion sought an order to vacate

the judgment entered in March 2007 and the entry of a new judgment that did not award prejudgment interest. Relying on *Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4th 718 [56 Cal.Rptr.3d 19] (*Duale*), Bentley argued the Song-Beverly Consumer Warranty Act does not permit recovery of prejudgment interest.

The trial court denied Bentley's motion to set aside the judgment, stating: "Doppes has the more persuasive argument that even if the court erroneously allowed the prejudgment interest, the court had jurisdiction to award prejudgment interest. The fact that the award may be erroneous is not sufficient to deem it void. Here the court had power to award prejudgment interest on finding liquidated damages."

Bentley appealed from the order denying its motion to set aside the judgment.

DISCUSSION

### I. *Motion to Dismiss Appeal*

■ Doppes moves to dismiss the appeal on the ground an appeal cannot be taken from a postjudgment order on issues that could have been reviewed on appeal from the judgment. In *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179], the Supreme Court stated: "[I]ssues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.] 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' " Doppes argues Bentley could have challenged prejudgment interest by appealing from the judgment, and therefore cannot do so by appealing from the postjudgment order denying its motion to set aside the judgment.

■ In opposing the motion to dismiss the appeal, Bentley argues an order denying a statutory motion to vacate judgment under Code of Civil Procedure section 473 is appealable. " 'While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under Code of Civil Procedure section 904.1, subdivision [(a)(2)].' " (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [72 Cal.Rptr.2d 188].) "If a judgment is void, an order giving effect to the void judgment is

subject to appeal even if the underlying judgment was also appealable." (*Carr v. Kamins* (2007) 151 Cal.App.4th 929, 933 [60 Cal.Rptr.3d 196].)

Bentley's appeal from the order denying the motion to set aside the judgment does not raise the same issue as would an appeal from the judgment. An appeal from the judgment could have raised the issue whether the trial court erred in awarding prejudgment interest. Bentley's appeal is limited to the issue whether the trial court lacked jurisdiction to award prejudgment interest. Bentley concedes its appeal is "limited to the proposition that granting prejudgment interest to plaintiff on a Song-Beverly Consumer Warranty Act . . . claim was not mere error, but rather ventured outside the boundaries of the powers of the court, as defined by statute."

We therefore conclude the order denying Bentley's motion to set aside the judgment under Code of Civil Procedure section 473, subdivision (d) is appealable and deny the motion to dismiss the appeal.

## II. *The Trial Court Had Jurisdiction to Award Prejudgment Interest.*

Bentley argues the judgment was void, beyond the trial court's jurisdiction, and subject to attack under Code of Civil Procedure section 473, subdivision (d) because the Song-Beverly Consumer Warranty Act does not permit recovery of prejudgment interest.

Under Code of Civil Procedure section 473, subdivision (d), a trial court may set aside a void judgment or order on a motion of either party. Bentley could obtain relief under section 473, subdivision (d) only if the award of prejudgment interest was void. A judgment is void to the extent it provides relief "which a court under no circumstances has any authority to grant." (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 20 [84 Cal.Rptr.2d 715]; see *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672, 1683 [52 Cal.Rptr.2d 599] ["When a court grants relief which it has no authority to grant, its judgment is to that extent void."].)

Civil Code section 3287 is the statutory basis for prejudgment interest. Subdivision (a) of section 3287 states, in part: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ." Section 3287, subdivision (a) is not limited to particular claims or causes of action; to the contrary, it states, "[t]his section is applicable to recovery of damages and interest from any such debtor . . . ." Prejudgment interest may be awarded

under section 3287 "even if it is not specifically authorized by the statute underlying the plaintiff's claims." (*County of Solano v. Lionsgate Corp.* (2005) 126 Cal.App.4th 741, 752 [24 Cal.Rptr.3d 362].)

■ Nothing in the Song-Beverly Consumer Warranty Act bars recovery of prejudgment interest. Civil Code section 1794 provides that a consumer who is damaged by any failure to comply with the Song-Beverly Consumer Warranty Act may bring an action to recover damages, costs, expenses, reasonable attorney fees, and, in some cases, civil penalties. (Civ. Code, § 1794, subds. (a)–(e).) Civil Code section 1790.4 states: "The remedies provided by this chapter are cumulative and shall not be construed as restricting any remedy that is otherwise available, and, in particular, shall not be construed to supplant the provisions of the Unfair Practices Act."

Bentley argues the court in *Duale, supra,* 148 Cal.App.4th 718, held prejudgment interest is not recoverable under the Song-Beverly Consumer Warranty Act. Bentley misreads that case. In *Duale,* the prevailing plaintiffs in a Song-Beverly Consumer Warranty Act case asserted the trial court erred in denying their application for prejudgment interest on the jury award. (*Duale,* at p. 728.) The appellate court concluded that under Civil Code section 3287, "the trial court did not err in determining the amount of damages owed plaintiffs by defendant was not calculable prior to trial." (*Duale,* at p. 729.) The *Duale* court did not hold prejudgment interest may never be recovered in a Song-Beverly Consumer Warranty Act case, but only that prejudgment interest was unrecoverable under section 3287 in that particular case because, under the facts, the amount of damages could not be resolved except by verdict. (*Duale,* at p. 729.)

Bentley also relies on *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836 [131 Cal.Rptr. 674] as holding an erroneous award of prejudgment interest is beyond the trial court's jurisdiction and therefore void. Bentley misreads this case too. In *Jones,* the trial court entered judgment pursuant to the parties' stipulation. (*Id.* at p. 838.) The judgment included a provision awarding interest from a date 16 months earlier than the date of entry of judgment. (*Id.* at p. 848.) The appellate court concluded this "interest-on-the-judgment" provision was void and subject to collateral attack for two reasons. (*Ibid.*) First, distinguishing between interest on damages and interest on a judgment, the court stated, "[t]here can be no interest *on a judgment* prior to its rendition and entry." (*Ibid.,* original italics.) Second, the judgment already included an award of prejudgment interest "in conformity with the stipulation of the parties," and therefore, the court stated, the "interest-on-the-judgment provision, contained in the trial court's judgment, must be considered void." (*Ibid.*)

■ The Song-Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under Civil Code section 3287, and, therefore, the trial court had jurisdiction to award Doppes prejudgment interest. Accordingly, the trial court did not err in denying Bentley's motion to set aside the judgment.

### DISPOSITION

The order denying Bentley's motion to set aside the judgment is affirmed. Respondent to recover costs incurred on appeal.

O'Leary, Acting P. J., and Moore, J., concurred.