Filed 12/12/14  Global Connector Research Group v. Fischer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GLOBAL CONNECTOR RESEARCH GROUP, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FRANK FISCHER, <br><br> Defendant and Appellant. | G049162 <br><br> (Super. Ct. No. 06CC08868) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregory Munoz, Judge.  Dismissed in part and affirmed in part.

Frank Fischer, in pro. per., for Defendant and Appellant.

Kull + Hall, Robert F. Kull and Kevin P. Hall for Plaintiff and Respondent.

\*        \*        \*

## INTRODUCTION

This is the third appeal arising out of the judgment entered in *Global Connector Research Group, Inc. v. Fischer* (Super. Ct. Orange County, No. 06CC08868). In the first appeal, *Global Connector Research Group, Inc. v. Fischer* (June 27, 2011, G042673) (nonpub. opn.), we affirmed in part and reversed in part the judgment in favor of Global Connector Research Group, Inc. (Global), and against Apex Equity Partners, Inc. (Apex), Belgravia Capital Corporation, and Frank Fischer. We refer to our prior unpublished opinion in case No. G042673 as *Global Connector I*. After remand, the trial court carried out the disposition in *Global Connector I* in a second amended judgment.

Fischer appealed from the second amended judgment. In *Global Connector Research Group, Inc. v. Fischer* (April 12, 2013, G046844) (nonpub. opn.), we affirmed the second amended judgment and described Fischer's appeal as close to being frivolous. We refer to our prior unpublished opinion in case No. G046844 as *Global Connector II*.

In this, the third appeal, Fischer challenges the trial court's order denying his motion to modify or amend the second amended judgment pursuant to Code of Civil Procedure section 1008 (section 1008) and Code of Civil Procedure section 473, subdivision (d) (section 473(d)). We refer to that motion as the motion to modify. Fischer also challenges, for the third time before us, the award of compensatory and punitive damages against him under the intentional misrepresentation/fraudulent concealment cause of action.

We dismiss the appeal to the extent it seeks review of the order denying the motion to modify under section 1008. In all other respects, we affirm the order denying the motion to modify.

## SUMMARY OF OUR OPINION IN *GLOBAL CONNECTOR I*

The facts are set forth in *Global Connector I*. The following is a summary of our discussion of the relevant issues from that opinion.

2

1. *Contract-based Causes of Action*.  The jury awarded Global $430,350 for breach of written contract.  The jury found Apex liable for breach of oral contract, breach of third party beneficiary contract, and quantum meruit, but found zero damages on those causes of action.  Although we concluded Global could not recover for breach of written contract, we upheld the breach of contract damages under the quantum meruit cause of action.  We concluded the jury verdicts were ambiguous, Apex and Fischer failed to object to the verdicts, and the trial court correctly interpreted the verdict by concluding the jury intended to award the same damages on all of the contract-based causes of action.  We reversed the award of contract-based attorney fees in Global's favor because Global did not recover for breach of contract.  (*Global Connector I*, *supra*, G042673.)

2. *Fraud/Concealment Cause of Action.*  In the verdicts, the jury found Apex and Fischer liable for both intentional misrepresentation and fraudulent concealment.  The jury returned a verdict awarding $150,000 in damages for intentional misrepresentation and another verdict awarding zero damages for fraudulent concealment.  We concluded substantial evidence supported the damages for fraud based on fraudulent concealment.  The trial court had found the jury verdicts were ambiguous as to whether intentional misrepresentation or fraudulent concealment formed the basis for the award of damages.  Neither Apex nor Fischer asked for the jury to be polled or objected to the verdicts.  We concluded:  "In approving the judgment, the trial court reasonably concluded the verdict forms reflected the jury's intent to award the same damages for both intentional misrepresentation and concealment.  It was reasonable to conclude the jury intended Global to recover $150,000 on the fraud cause of action, and found zero damages for concealment only because it had already awarded Global those damages for intentional misrepresentation."  (*Global Connector I*, *supra*, G042673.)

3. *Injunction Under Business and Professions Code Section 17200*.  The trial court issued a permanent injunction against Apex and Fischer under Global's cause

3

of action for unfair competition in violation of Business and Professions Code section 17200. The judgment enjoins Apex and Fischer "from interfering with [Global]'s efforts to sell Cinch [Connectors] or any affiliate or division thereof and from using [Global]'s research data and copyrighted reports, bound and unbound, transmitted or communicated to Apex and/or Fischer for use in connection with any potential transaction." We concluded Apex and Fischer engaged in unlawful acts or practices by committing fraudulent concealment, and those unlawful acts or practices were sufficient to serve as the basis for an injunction under section 17200. (*Global Connector I*, *supra*, G042673.)

4. *Punitive Damages*. We concluded substantial evidence supported the jury's award of $125,000 in punitive damages against Apex and Fischer based on fraudulent concealment. (*Global Connector I*, *supra*, G042673.)

5. *The Disposition*. In the disposition, we affirmed the judgment against Fischer under the intentional misrepresentation/fraudulent concealment cause of action and affirmed the permanent injunction. (*Global Connector I*, *supra*, G042673.)

The California Supreme Court denied Fischer's petition for review of our opinion in *Global Connector I*. We issued the remittitur in October 2011. Later, the United States Supreme Court denied Fischer's petition for a writ of certiorari and Fischer's petition for rehearing of denial of certiorari.

## PROCEEDINGS FOLLOWING REMAND IN *GLOBAL CONNECTOR I*

Following remand to the trial court, Global submitted a proposed amended judgment, paragraph (3) of which stated: "That Judgment, per the verdicts of the jury, is awarded in favor of Fleck[1] and against Apex on the sixth cause of action (intentional

---

[1] "Global did business under the name Fleck Research. Many documents in the record use the name Fleck Research instead of Global." (*Global Connector II*, *supra*, G046844.)

4

misrepresentation and concealment) of the Complaint jointly and severally against Apex and Fischer for the sum of $150,000.00."

In his objections to the proposed amended judgment, Fischer asserted the words "intentional misrepresentation" in the proposed amended judgment should be deleted because "the Court of Appeal Opinion did not affirm on the basis of misrepresentation but rather only on the basis of concealment."

The trial court modified the proposed amended judgment by striking the words "intentional misrepresentation and" and inserting the word "fraudulent" before the word "concealment." The court made a few more changes and, on the caption page, struck "[PROPOSED]" before the words "AMENDED JUDGMENT AFTER APPEAL" and inserted the word "Second," thereby creating the second amended judgment. On March 16, 2012, the trial court signed the second amended judgment and it was entered on the same day.

Fischer moved to amend or modify the second amended judgment by striking the word "fraudulent" that the court had inserted before the word "concealment." He then asserted no damages should be awarded for concealment because the jury found zero damages on that claim. He also sought to have the permanent injunction deleted from the second amended judgment. Fischer filed a notice of appeal from the second amended judgment before the trial court ruled on his motion.

In *Global Connector II*, we affirmed the second amended judgment in full. We stated: "Fischer's appeal is a backhanded way of challenging *Global Connector I*. Fischer spends literally dozens of pages in his opening and reply briefs repeating and dwelling on arguments we rejected in that opinion. Despite denial of both his petition for review and petition for a writ of certiorari, he continues to argue the trial court violated his constitutional rights, engaged in 'judicial activism,' and erred by 'disregarding an unambiguous special jury verdict of zero damages' and awarding damages for fraudulent concealment. These arguments were not convincing when made in the prior appeal, we

5

rejected them in *Global Connector I*, and, at this stage, they are close to being frivolous." (*Global Connector II*, *supra*, G046844.)

As to Fischer's motion to amend the second amended judgment by deleting the permanent injunction, we stated: "Fischer challenges the permanent injunction under Business and Professions Code section 17200 on the additional ground he submitted a declaration to the trial court that showed the injunction is no longer warranted. Fischer's declaration was submitted with the motion to amend or modify the second amended judgment, which was made after that judgment was entered. No ruling on the motion appears in the record. The second amended judgment as entered correctly includes the permanent injunction." (*Global Connector II*, *supra*, G046844.)

Fischer filed a petition for review of our decision in *Global Connector II*. After the California Supreme Court denied his petition for review, he filed a petition for a writ of certiorari to the United States Supreme Court. In December 2013, the Supreme Court denied Fischer's petition for a writ of certiorari.

### PROCEEDINGS FOLLOWING REMAND
### IN *GLOBAL CONNECTOR II*

Following remand after *Global Connector II*, Fischer brought the motion to modify, which he labeled as a motion to "modify/amend second amended judgment after appeal under C.C.P. §1008 and correct clerical mistakes in second amended judgment after appeal under C.C.P. §473(d)." (Some capitalization omitted.) He made the motion to modify on the grounds that (1) "'new and different facts, circumstances or law' within the meaning of C.C.P. §1008 require the court to reconsider the matter and modify or amend the Second Amended Judgment"; and (2) "the Second Amended Judgment . . . did not accurately and correctly follow the directions contained in [*Global Connector I*]." Among other things, Fischer contended, "it is no longer appropriate and there is no basis for the judgment to continue to contain a permanent injunction and it should be dissolved . . . ."

6

No evidence was presented with the motion to modify.  Instead, the motion to modify stated it was based factually on the declaration of Fischer, which had been submitted with the motion to amend or modify the second amended judgment filed before our decision in *Global Connector II*.  Global filed a perfunctory opposition.

The trial court denied the motion to modify in a minute order, stating: "Defendant Frank Fischer's motion to modify/amend second amended judgment after appeal under CCP 1008 and correct clerical mistakes in second amended judgment after appeal under CCP 473(d) is denied.  Defendant's arguments have already been rejected by the [C]ourt of [A]ppeal, which decision is res judicata as to the instant motion."  The court denied Fischer's request for a statement of decision.

## DISCUSSION

Fischer brought the motion to modify under sections 1008 and 473(d).  We address each.

Section 1008, subdivision (g) states:  "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable.  However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."  The subject of the motion to modify was the second amended judgment.  In this appeal, Fischer is not seeking review of the second amended judgment.  His notice of appeal stated he was appealing from an order after a judgment under Code of Civil Procedure section 904.1, subdivision (a)(2), specifically, "[o]rder denying motion to dissolve injunction and to modify judgment under C.C.P. 1008 and 473(d)."  We therefore dismiss the appeal to the extent it seeks review of the order denying the motion to modify under section 1008.[2]

---

[2]   We note the motion to modify was untimely under section 1008 because it was not brought within 10 days after service of notice of entry of judgment.  (§ 1008, subd. (a).)

7

An order denying a motion made under section 473(d) is appealable. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.)  Section 473(d) provides that a court may "correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed . . . ."  Fischer has not identified any clerical mistakes in the second amended judgment.  In *Global Connector II*, we rejected Fischer's argument, raised again in the motion to modify, that the seconded amended judgment did not carry out the disposition of *Global Connector I.*

Fischer argues the trial court should have granted the motion to modify by dissolving the permanent injunction.  A trial court may dissolve a permanent injunction under Civil Code section 3424, "upon a showing that there has been a material change in the facts upon which the injunction was granted, that the law upon which the injunction was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction."  (Civ. Code, § 3424, subd. (a).)  Fischer did not bring a motion to dissolve a permanent injunction under section 3424:  The motion to modify never mentioned section 3424 and was specifically limited to relief under sections 1008 and 473(d).  The first time Fischer mentioned section 3424 was at page 31 of his appellant's opening brief.  Fischer's self-representation does not excuse his failure to cite section 3424 earlier because a self-represented litigant is held to the same rules as an attorney.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Fischer, thus, never gave the trial court the opportunity to address whether to dissolve the permanent injunction under Civil Code section 3424.  His claims of due process violations therefore have no merit.  Based on the two statutory grounds on which Fischer brought the motion to modify, the trial court did not err by denying the motion to modify and was correct in stating we had rejected Fischer's arguments.

In the motion to modify, Fischer repeated his arguments, which we had already rejected twice, that the award of damages for fraudulent concealment was erroneous and violated his constitutional rights.  At pages 35 through 38 of the

8

appellant's opening brief, Fischer repeats those arguments for the umpteenth time.  In *Global Connector II*, we described those arguments as "close to being frivolous." (*Global Connector II*, *supra*, G046844.)  They have now reached that point.  We decline to consider sanctions only because addressing Fischer's frivolous arguments has not consumed an appreciable amount of our time.

## DISPOSITION

The appeal is dismissed to the extent it seeks review of the order denying the motion to modify under section 1008.  In all other respects, the order denying the motion to modify is affirmed.  Respondent to recover costs incurred on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.