Filed 12/20/22  Padilla v. Jakubaitis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS PADILLA III,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK JAKUBAITIS et al.,<br><br>    Defendants and Appellants. | G060709<br><br>(Super. Ct. No. 30-2012-00553004)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Theodore Howard, Judge.  Affirmed.  Respondent's Request for Judicial Notice.  Denied.  Appellants' Motion for Judicial Notice.  Granted in part.   Respondent's Request for Sanctions.  Denied.  Appellants' Evidentiary Objections.  Denied.

Frank Jakubaitis and Tara Jakubaitis, in pro. per., for Defendants and Appellants.

Pacific Premier Law Group and Arash Shirdel for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Both the present case and related case No. G060295 are appeals from orders denying motions made pursuant to Code of Civil Procedure section 473, subdivision (d) (section 473(d))[1] to set aside or vacate judgments or orders. Here, Frank Jakubaitis and Tara Jakubaitis appeal from an order denying their motion to vacate "orders and judgments" obtained by a court-appointed receiver in 2014. Frank and Tara[2] contend the orders and judgments are void because the receiver practiced law without a license by representing the receivership in propria persona when obtaining the orders.

We affirm. The receiver sought and obtained just two orders and no judgments. Frank and Tara lack standing to challenge the orders obtained by the receiver because the orders did not injuriously affect them. The receiver was not appointed for Frank or Tara, they are not the subject of the orders, and they have not been affected by their enforcement. In addition, the orders, if void, are not void on their face and therefore could not be challenged by a motion under section 437(d).

FACTS AND PROCEDURAL HISTORY

*Underlying Litigation and Default Judgment*

Padilla initiated this litigation in March 2012 by filing a complaint naming Frank, Tara, WeCosign, Inc. (WeCosign) and Tara Pacific, Inc. as defendants. The complaint asserted 34 causes of action ranging from breach of contract to fraud to

---

[1] Section 473(d) reads: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." An order denying a motion made pursuant to section 473(d) is appealable as an order made after final judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1009.)

[2] We use first names for convenience and to avoid confusion. We intend no disrespect by doing so.

violation of wage and hour laws and violations of federal and state securities laws. Padilla alleged Frank and Tara had failed to repay loans totaling $89,000; Frank, Tara, and WeCosign had failed to deliver to him 15 million shares of WeCosign stock for which he had invested $100,000; and WeCosign, Padilla's former employer, had failed to pay him wages and denied him meal and rest periods.

After the complaint was filed, the litigation took many twists and turns with several trips to the Court of Appeal and detours to the bankruptcy court. Relevant to this appeal are the following events.

Padilla filed a first amended complaint in August 2012. The first amended complaint alleged Frank was the alter ego of WeCosign. WeCosign Services, Inc. (WeCosign Services) was substituted as a defendant in place of defendant Doe 1 in February 2013. Eight months later, Padilla dismissed WeCosign Services from the complaint except for the 26th and 27th causes of action, both for fraudulent transfer.

In November 2013, a default judgment in the amount of $781,095.61 was entered against Frank. A panel of this court reversed that default judgment. (*Padilla v. Jakubaitis* (Nov. 9, 2015, G051094) [nonpub.opn.].)

In March 2014, the trial court issued an order striking the answers of WeCosign and WeCosign Services and ordering the entry of their defaults. In May 2014, a default judgment was entered against WeCosign and WeCosign Services in the total amount $825,950.56 against WeCosign and the total amount of $958,956.84 against WeCosign Services.

*Appointment of the Receiver*

In April 2014, Padilla filed a motion to appoint a receiver for WeCosign. The trial court granted the motion and, by an order entered on May 21, 2014, appointed Patrick Bulmer of California Receivership Services as the receiver for both WeCosign and WeCosign Services. Bulmer is not an attorney.

3

An order appointing a receiver is appealable under Code of Civil Procedure section 904.1, subdivision (a)(7). (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 869.) The appellate record includes nothing to indicate that an appeal was taken from the order appointing Bulmer as the receiver for WeCosign and WeCosign Services.

*Orders Obtained by the Receiver*

On May 28, 2014, Bulmer filed an ex parte application to add "successor entities, PNC National, Inc. . . . and PNC Services, Inc." to the receivership estate. The application also sought an order to show cause to "confirm the receivership," to "amend the judgment entered in the action" and to add PNC National and PNC Services as additional judgment debtors. Bulmer did not retain counsel: The application was made and signed by Bulmer as court-appointed receiver.

By order entered May 29, 2014, the trial court granted the application and ordered the receivership estate be amended to include the business assets and operations of PNC National, Inc., and PNC Services, Inc. The court issued an order for PNC National and PNC Services to show cause why they should not be added as judgment debtors and why the receivership should not be confirmed as to them. The order had been prepared by Bulmer and was submitted by him to the court.

A hearing was held on the order to show cause. Bulmer appeared on behalf of the receivership. After the hearing, Bulmer submitted a proposed order, which was adopted by the trial court. By that order, entered on June 20, 2014, the court stayed the matter as to PNC National because it had filed a chapter 7 bankruptcy petition and found that PNC Services was a successor entity to WeCosign and WeCosign Services. The default judgment was ordered amended to add PNC Services as an additional judgment debtor. The receivership was ordered confirmed as to PNC Services.

4

WeCosign ceased operating and filed a chapter 7 bankruptcy petition in June 2014. WeCosign Services also appeared as a debtor in WeCosign's bankruptcy petition. The bankruptcy case was closed in January 2015.

On June 19, 2014, Padilla, through his counsel, brought an ex parte application to expand the receivership to include an entity called Front Line Services, Inc. The next day, an order was entered granting the application.

In October 2015, Bulmer, as receiver, field a renewed motion to confirm the receivership as to PNC National, to authorize the sale of the receivership estate, and to apply the sale proceeds to satisfying the default judgment against WeCosign and WeCosign Services. The motion was not brought by counsel, but by the Bulmer as receiver, and was signed by him. Frank and Tara opposed the receiver's motion on the ground, among others, that Bulmer was not a licensed attorney and therefore could not represent the receivership in court. In January 2016, Padilla filed a joinder in the receiver's motion.

The trial court continued the receiver's motion to February 25, 2016, to allow the receiver to prepare and submit an accounting of the receivership and a detailed list of assets over which the receiver had taken control, and to cite authority that would allow the receiver to appear in court without counsel.

Bulmer did not appear at the hearing on February 25, 2016, and there is no record of him ever appearing or filing anything in court again. By minute order entered on the same date, the trial court denied the receiver's motion and denied Padilla's joinder in the motion. The minute order states, "Even if the Receiver can bring his own motion (which is dubious), the present motion fails to come close to the moving party's burden and lacks adequate evidence to support its assertions."

Frank and Tara submitted a complaint regarding Bulmer to the State Bar of California. They alleged the Bulmer had practiced law without a license by filing several motions on behalf of the receivership. The State Bar initiated an investigation and

5

notified the district attorney in Butte County, where Bulmer resided, because the allegations could subject him to criminal prosecution. In August 2019, the State Bar closed the investigation because Bulmer had died.

*Frank and Tara's Motion to Set Aside or Vacate Orders Obtained by the Receiver*

In December 2019, Frank and Tara brought an ex parte application for an order shortening time to hear their motion (1) for dismissal of the action for fraud on the court, (2) to vacate the default judgment against WeCosign and WeCosign Services, and (3) to vacate receivership proceedings and orders obtained by the receiver. The trial court denied the ex parte application.

Frank and Tara renewed their motion by dividing it into two motions under section 473(d). One motion was to set aside or vacate the default judgment against WeCosign and WeCosign Services. Denial of that motion is the subject of the related appeal. The other motion was to vacate receivership orders obtained by Bulmer, the subject of this appeal. In the motion to vacate receivership orders, Frank and Tara argued the orders obtained by Bulmer as receiver were void because he was not licensed to practice law and therefore could not appear and litigate matters on behalf of the receivership estate. Frank and Tara did not identify which orders were the subject of the motion.

The trial court denied the motion to vacate receivership orders. In a minute order entered on July 22, 2021, the court gave these reasons: "Defendants have not shown that they have standing to seek the relief requested here. [Citation.] Nor have they identified any alleged harm to the subject entities, or to the Receivership Estate, or even to themselves as shareholders. In addition, as the Reply concedes, corporate entities must be represented by counsel in court. [Citation.] Defendants do not claim to be attorneys authorized to act on behalf of the entities at issue or the Receivership Estate

6

here.  Nor have they disputed the claim presented in the Opposition that the entities at issue are no longer active."  Frank and Tara timely filed a notice of appeal.

## REQUESTS FOR JUDICIAL NOTICE

Each side to this appeal has filed a request for us to take judicial notice of matters from outside the record.  We deny Padilla's request for judicial notice and grant in part Frank and Tara's request for judicial notice, which we treat in one respect as a motion to augment the record.

Padilla requests we take judicial notice of two items:  (1) a notice of order revoking discharge in bankruptcy of debtor Frank Jakubaitis, entered on September 26, 2019, and (2) a memorandum, filed on April 27, 2021, issued by the United States Bankruptcy Appellate Panel of the Ninth Circuit, affirming the bankruptcy court's order striking the debtor's answer and affirming the default judgment revoking Frank's discharge in bankruptcy.  Frank and Tara have filed objections to this request for judicial notice.

The notice of order and memorandum decision are subject to judicial notice as records of a court of record of the United States.  (Evid. Code, § 452, subd. (d).) Neither document is relevant to the issues presented by this appeal therefore we deny the request.  (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 [courts will take judicial notice of only relevant matter].)

Frank and Tara request we take judicial notice of three items:  (1) Padilla's respondent's brief in related case No. G060709; (2) a minute order entered in this case by the trial court on August 11, 2017; and (3) a certificate of notice and notice of discharge of debtor dated August 12, 2014 in *In re Tara Jakubaitis*, United States Bankruptcy Court, Central District of California Case No. 13-20028-TA.  Padilla has not filed opposition to Frank and Tara's motion for judicial notice.

7

Item No. 2, the minute order, is not properly the subject of a request for judicial notice because it is part of the trial court record and, as such, should have been included in the appellant's appendix. With respect to the minute order, we treat Frank and Tara's motion for judicial notice as a motion to augment the record and grant that motion. (See Cal. Rules of Court, rule 8.155.)

Item Nos. 1 and 3 have no relevance to this appeal. (See *Jordache Enterprises*, *Inc. v. Brobeck, Phleger & Harrison, supra*, 18 Cal.4th at p. 748, fn. 6.) Whether or not Padilla copied portions of his respondent's brief in Case No. G060295 has no relevance to the merits of this appeal. Whether or not a bankruptcy stay was in effect as to Tara has no relevance to the validity of the receiver's action because the receiver was appointed for WeCosign and WeCosign Services, not Tara.

## DISCUSSION

*Relevant Law and Standard of Review*

Section 473(d) provides, "[t]he court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." Section 473(d) places no time limitation on making such a motion, and the trial court retains equitable power to set aside a void judgment or order at any time. (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.) A judgment or order that is void on its face may be set aside at any time after its entry by the court which rendered the judgment. (*Ibid.*)

"In determining whether an order is void for purposes of section [473(d)], courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*).) An order is void on its face only if its invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic

8

evidence. (*Id*. at p. 1021.) "If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by [Code of Civil Procedure] section 473, subdivision (b), or by an independent action in equity." (*Ibid*.; see *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 ["'A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll'"].)

"The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion." (*Pittman, supra*, 20 Cal.App.5th at p. 1020.)

*Frank and Tara Did Not Have Standing to Bring the Motion to Set Aside the Orders*

Padilla argues Frank and Tara lacked standing to challenge orders obtained by the receiver. We agree.

The first step in explaining why Frank and Tara lack standing therefore is to identify the orders obtained by the receiver. In the reply brief they assert "all receivership orders as to Frank" warrant reversal, but there are no receivership orders as to Frank. The default judgment against WeCosign and WeCosign Services was obtained by Padilla, who was represented by counsel, and is not one of such orders. The motion for an order appointing a receiver cannot be an order obtained by the receiver because it was prepared and brought by counsel for Padilla.

As it turns out, the receiver obtained only these two orders:

(1) The order entered May 29, 2014, granting the receiver's application to amend the receivership estate to include the business assets and operations of PNC National and PNC Services and issuing an order to PNC National and PNC Services to

9

show cause why they should not be added as judgment debtors and why the receivership should not be confirmed as to them.

(2) The order entered on June 20, 2014, staying the matter as to PNC National because it had filed a chapter 7 bankruptcy petition, finding that PNC Services was a successor entity to WeCosign and WeCosign Services, ordering the default judgment amended to add PNC Services as an additional judgment debtor, and confirming the receivership as to PNC Services.

Frank and Tara are not subject to the receivership. The receiver was not appointed for Frank or Tara but for WeCosign, WeCosign Services, and, later, for PNC Services. Frank and Tara are not the subject of the challenged orders, which pertain to PNC National and PNC Services.

The only argument in support of standing made by Frank and Tara is they are parties to the lawsuit. Though parties to the lawsuit, Frank and Tara are strangers to the challenged orders. To have standing to set aside a void order, strangers must be aggrieved by the order; that is, they must be able to point to "some right or interest [that] would be affected by . . . enforcement" of the void order. (*Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 15-16.) "'An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision.'" (*Doe v. Regents of the University of California* (2022) 80 Cal.App.5th 282, 293.)

Frank and Tara have not explained how they might be, or were, injuriously affected by the two orders obtained by the receiver. As those orders were issued over eight years ago, Frank and Tara by now presumably would have felt whatever effect the orders might have had on them. The challenged orders expanded the receivership estate to include PNC Services, amended the default judgment to add PNC Services as a judgment debtor, and confirmed the receivership as to PNC Services. Frank and Tara do

10

not contend they own an interest in, or are somehow related to, PNC National or PNC Services such that they were injuriously affected by the orders.

In their reply brief, Frank and Tara expand their appeal to challenge the very order appointing the receiver, which was obtained by counsel for Padilla. Frank and Tara argue that Frank was not served with the motion to appoint the receiver and had a "constitutional right . . . to oppose such a drastic remedy of a receiver over his personal life, stock, and interests." Frank and Tara also argue that Padilla did not seek relief from the automatic stay in bankruptcy before seeking an appointment of a receiver for Tara.

The order appointing the receiver is not, and cannot be, a subject of this appeal for three reasons. First, the order appointing the receiver was not obtained by the receiver and therefore was not embraced by Frank and Tara's motion to vacate receivership orders. Second, the order appointing the receiver was immediately appealable upon its entry. (Code Civ. Proc., § 904.1, subd. (a)(7); *County of Sacramento v. Rawat, supra*, 65 Cal.App.5th at p. 869.) No one has ever filed a notice of appeal from the order appointing a receiver and the time to do so elapsed years ago. Third, at the risk of sounding like a broken record, we repeat that the receiver was not appointed for Frank or Tara: The receiver initially was appointed only for WeCosign and WeCosign Services and later the receivership estate was expanded to include PNC services.

*The Challenged Orders are Not Void on Their Face*

The challenged orders, if void, are not void on their face. Frank and Tara contend the orders are void because they were obtained by Bulmer, as receiver, who was not represented by counsel and therefore practiced law without a license. But resorting to extrinsic evidence was necessary to show Bulmer was not an attorney. In the motion to vacate the receivership orders, Frank and Tara requested judicial notice of the results of a State Bar of California database search which returned no results for the name Patrick Bulmer. The results of the database search, or any other evidence that Bulmer was not

11

licensed to practice law, do not appear on the face of the challenged orders or from inspection of the court record as of the dates of entry of the orders.

Because the invalidity of the challenged orders could only be shown through consideration of extrinsic evidence, neither order is void on its face. (*Pittman, supra*, 20 Cal.App.5th at p. 1021.) For that reason, Frank and Tara could not challenge the orders by means of a motion to vacate pursuant to section 473(d); instead, Frank and Tara had to challenge the orders within the six-month time limit prescribed by Code of Civil Procedure section 473, subdivision (b), or by an independent action in equity. (*Pittman,* at p. 1021.)

*Padilla's Request for Appellate Sanctions*

In the respondent's brief, Padilla requests that we impose monetary sanctions against Frank and Tara for taking a frivolous appeal. A request for appellate sanctions requires a separate motion with a supporting declaration. (Cal. Rules of Court, rule 8.276(b)(1); *Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858-859; *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.) Although Padilla did attach a supporting declaration from his counsel to his appellate brief, he did not file a separate motion for sanctions. Because the sanctions request was presented in Padilla's brief, not by separate motion, it did not comply with rule 8.276(b)(1) and we deny the request without further consideration. (See *Saltonstall*, at pp. 858-859; *FEI Enterprises, Inc.*, at p. 807.) We need not consider Frank and Tara's evidentiary objections to counsel's declaration.

12

## DISPOSITION

The order denying Frank and Tara's motion to set aside or vacate orders and judgments is affirmed.  Padilla shall recover costs on appeal.


                                        SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.