Filed 7/14/25  Marriage of Pinedo and Pinedo Mendoza CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of NOEMI VALDEZ PINEDO and MARGARITO PINEDO MENDOZA. | H052408 (Monterey County Super. Ct. No. 21FL001228) |
| NOEMI VALDEZ PINEDO, Petitioner and Respondent, v. MARGARITO PINEDO MENDOZA, Defendant and Appellant. | |

Margarito Pinedo Mendoza (Mendoza) and his ex-wife, Noemi Valdez Pinedo (Pinedo), owned two properties.  When they divorced, one property was awarded to Mendoza and the other to Pinedo.  Because the property awarded to Pinedo is more valuable, the trial court ordered her to make an equalization payment to Mendoza. Contending that this payment was too small, Mendoza moved to reconsider or vacate it, but the trial court denied the motion.

Mendoza appeals from the denial of his motion.  He asserts that the trial court relied on flawed appraisals in determining the value of the properties awarded him and his ex-wife and that instead the court should have relied on the appraisals that he submitted.  However, " '[t]he Court of Appeal is not a second trier of fact,' " and it does

" 'not reweigh evidence or reassess the credibility of witnesses.' " (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 (*Balcof*).) To the contrary, appellate courts afford trial courts a presumption of correctness and require appellants to show that the trial court erred or abused its discretion. (See, e.g., *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) Moreover, to demonstrate error or abuse of discretion, appellants must support their contentions with citations to evidence in the record and with legal argument or authority. (Cal. Rules of Court, rules 8.204(a)(1)(B), (C).) Mendoza has not satisfied these requirements.

As a consequence, we conclude that Mendoza has failed to overcome the presumption of correctness and affirm the order appealed by Mendoza.

## I. BACKGROUND

Mendoza and Pinedo married in 2001 and currently have one minor child. The two separated in 2017, and four years later Pinedo filed for dissolution of marriage. Mendoza did not respond, and in June 2022 the trial court entered a default judgment in favor of Pinedo. In that judgment, the court divided the parties' community property assets, which included two real estate properties, awarding one to Pinedo and the other to Mendoza.

### A. The Equalization Payment Order

In December 2022, citing Code of Civil Procedure, section 473, subdivision (b), Mendoza moved to set aside the default judgment. (Subsequent undesignated statutory references are to the Code of Civil Procedure.) Mendoza contended that the property awarded Pinedo was worth much than the property awarded him and that the default judgment did not account for the rental income Pinedo received from the properties. In March 2023, the trial court held that Mendoza had missed the deadline for moving to vacate the judgment. However, recognizing that it had continuing jurisdiction to divide unadjudicated community assets under Family Code section 2556, the trial court ordered the parties to meet and confer over the value of the properties awarded them.

2

In July 2023, Pinedo submitted "joint appraisals" from an appraiser, JC Appraisers, chosen by Mendoza and evidence of outstanding mortgages for the two properties. The reports submitted appraised Mendoza's property at $780,000, and Pinedo's property at $1,100,000. The outstanding mortgages were, respectively, $191,713.78 and $276,200.66. Accordingly, Pinedo calculated that the difference in value between the properties to be $235,513.12 and proposed an equalizing payment of $117,756.56.

Mendoza disagreed with the property valuations, asserting that "JC Appraisers did not fully examine the interior of the houses" and that his property was in need of extensive plumbing, electrical, and driveway repairs, siding replacement, as well as repairs to address roof, mold, and termite damage. The trial court permitted Mendoza to seek a second set of appraisals and ordered that the new appraiser "be allowed into the homes to prepare the second appraisal." Accordingly, Mendoza submitted a second set of appraisals, placing the value of his property at $475,000 and Pinedo's property at $1,300,000. The appraisal of Mendoza's property explained that the property needed to be renovated, that the cost of doing so was $625,000, and that after renovation the property would be worth $1,100,000.

In November 2023, after a hearing, the trial court found that the joint appraisals submitted by Pinedo were "the most credible/fair evaluation" and stated that it had "no confidence in" the appraisals submitted by Mendoza. Consequently, the trial court ordered an equalization payment of $117,756.56. The trial court entered a finding and order after hearing on December 11, 2023.

Later in December 2023, the trial court ordered Pinedo to make the equalization payment by March 2024, and on January 16, 2024, the trial court entered a final order concerning the payment.

**B. The Motion to Reconsider or Set Aside**

Near the end of December 2023, after the trial court had determined the equalization payment but before the final order on that issue, Mendoza filed a motion under section 1008 or, in the alternative, section 473, subdivision (b) to reconsider or set aside the December 11, 2023 order determining the payment. In a supporting declaration, Mendoza asserted that he had "new additional facts" that he could not have obtained earlier, due in part to his health, supporting his appraisals. He stated that, between September 1 and December 11, 2023, he contacted more than three dozen contractors to assess the property's condition, that two of these contractors ultimately assessed the property, and that a letter from one of the contractors was provided before the December 11, 2023 order. Mendoza also attached a letter from the second contractor, which estimated $728,000 to $850,000 in repair costs, as well as termite inspection reports. Finally, Mendoza challenged the joint appraisal of his property, asserting that it did not address the property's termite and water damage and unstable foundation, misstated the number of bedrooms, and mischaracterized storage areas as bedrooms.

In April 2024, the trial court held a hearing on Mendoza's motion to reconsider or set aside the December 11, 2023 order. Noting that "the Court was already aware of [Mendoza's] current claims regarding the condition of his property," the trial court ruled that Mendoza had failed to show any new facts warranting reconsideration of the order. Accordingly, the trial court denied the motion, "per CCP 1008," to reconsider, and "decline[d]" the "invitation, per CCP 473 to modify" the December 11, 2023 order's equalization payment. On June 2, 2024, the trial court entered Findings and Order After Hearing.

On August 2, 2024, Margarito filed his notice of appeal.

4

## II.    DISCUSSION

### A. Appellate Jurisdiction

Before addressing the merits of Mendoza's appeal, we address a technical question: our jurisdiction.  Mendoza filed a timely notice of appeal from the June 4, 2024 order denying his motion, under section 1008 and section 473, subdivision (b), to reconsider or set aside the December 11, 2023 order.  As explained below, we have jurisdiction to consider this appeal to the extent it concerns Mendoza's request to set aside the December 11, 2023 order under section 473, but lack jurisdiction to review the denial of his request to reconsider the order under section 1008 or the order itself.

An order denying a motion to set aside or to vacate under section 473 " ' "is regarded as a special order made after final judgment . . . ." ' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008 (*Doppes*).)  Consequently, under section 904.1, subd. (a)(2), which provides for appeals "[f]rom an order made after a judgment," an order denying a motion to vacate under section 473 "is appealable." (*Doppes*, at p. 1008)  Here, Mendoza appeals from the June 4, 2024 order, which denied his request to, among other things, set aside the December 11, 2023 order under section 473.  Consequently, we have jurisdiction to review the denial of this request.

By contrast, we lack jurisdiction to review the denial of Mendoza's request under section 1008 to reconsider the December 11, 2023 order or to review the order itself. Section 1008 expressly states that the denial of a motion to reconsider an order under the section "is not separately appealable."  (§ 1008, subd. (g).)  Instead, such a denial is reviewable as part of an appeal from the order for which reconsideration was sought. (*Ibid*; see *Audish v. Macias* (2024) 102 Cal.App.5th 740, 746, fn. 2.)  Consequently, the trial court's denial of Mendoza's request for reconsideration under section 1008 is reviewable only on appeal from the December 11, 2023 order for which he sought reconsideration.

5

However, Mendoza failed to file a timely notice of appeal from the December 11, 2023 order. If a motion to reconsider a judgment or order is filed, the period for filing an appeal from that judgment or order is extended until "the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or (3) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(c)(1)-(3) [motion to vacate]; see also rule 8.108(e)(1)-(3) [equivalent extension for motion to reconsider].) Here, the trial court entered the order setting the equalization payment on December 11, 2023. Mendoza filed his notice of appeal on August 2, 2024, which is 245 days later. Consequently, even if Mendoza had the longest extension available, his appeal from the December 11, 2023 order was untimely, and we lack jurisdiction to review the order. (See, e.g., *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762.)

We therefore conclude that we have jurisdiction to review Mendoza's request to set aside the December 11, 2023 order under section 473, but lack jurisdiction to review the order itself or Mendoza's request to reconsider the order under section 1008.

**B. The Motion to Set Aside the December 11, 2023 Order**

Mendoza's appeal from the denial of his request to set aside the December 11, 2023 order fails because he did not offer any authority or reasoned argument in his opening brief and because neither his opening brief nor his reply contains any citations to evidence in the record. As a consequence, Mendoza cannot overcome the presumption that the December 11, 2023 order was correct.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609); see also *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["[I]t is settled that: 'A

6

judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "].)

To overcome the presumption of correctness afforded trial court rulings, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) Consequently, as the Supreme Court has admonished, "[c]ontentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." *In re Phoenix H.* (2009) 47 Cal.4th 835, 845; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [A "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate," and the court will "treat the issue as abandoned."]; *S.C.*, at p. 408 ["When a point is asserted without argument or authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "].)

To overcome the presumption of correctness, appellants also must support any factual argument with citations to evidence in the record. " ' "Any statement in a brief concerning matters in the appellate record . . . must be supported by a citation to the record." ' " (*Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 595.) Consequently, "we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." (*WFG National Title Insurance Company v. Wells Fargo Bank* (2020) 51 Cal.App.5th 881, 894 (*WFG*)); see also *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 156 (*United Grand Corp.*) [" ' "[I]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." ' "].)

Mendoza has failed to comply with the requirements needed to overcome the presumption of correctness. In particular, his opening brief fails to present any

meaningful legal analysis. The brief, which is seven pages in total, references only three cases, all of them concerning the standard of review. The brief also cites two statutes, Family Code section 2550 and Evidence Code 801. However, it contains no analysis of either. As a consequence, Mendoza's opening brief is devoid of legal analysis. His reply brief contains more authority and some analysis. However, "[i]t is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075; see also *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant."].) (For the same reason, we deem the entirely new arguments concerning new issues such as due process and ineffective assistance of counsel in Mendoza's reply brief to have been forfeited.)

In addition, while Mendoza's briefs largely focus on factual issues—which, as noted above, we are not free to reweigh and decide anew (*Balcof, supra*, 141 Cal.App.4th at p. 1531)—notably absent from his briefs is any citation to evidence in the record supporting his arguments. For example, in his opening brief Mendoza accuses the trial court of elevating form over substance by "[r]ejecting contractor evaluations solely due to missing signatures," but he fails to cite any evidence in the record supporting this assertion. Similarly, while the opening brief asserts that the appraisal reports upon which the trial court relied used "incorrect property specifications," ignored "documented structural deficiencies," and contained "[i]nternal inconsistencies," he fails to cite any evidence in the record supporting these assertions. Indeed, Mendoza does not even identify what specification were incorrect, what structural deficiencies were ignored, or what the internal inconsistencies were. Moreover, even though Pinedo prominently criticized Mendoza's opening brief for failing to contain any citations to the record, his reply brief similarly fails to include a single citation to the record. We therefore conclude that Mendoza's factual arguments fail to overcome the presumption of correctness and,

8

indeed, have been forfeited. (*WFG, supra*, 51 Cal.App.5th at p. 894; *United Grand Corp., supra*, 36 Cal.App.5th at p. 156.)

In concluding that Mendoza has failed to overcome the presumption of correctness, we recognize that he is not a lawyer, has English language limitations, and is representing himself on appeal. However, contrary to Mendoza's assertion, the basic requirements of appellate procedure apply to self-represented parties. As authority cited by Mendoza recognizes, "[e]xcept when a particular rule provides otherwise, the rules of civil procedure apply equally to parties representing by counsel and those who forgo"— whether willingly or not—"attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) With respect to the basic requirements of appellate procedure, parties representing themselves on appeal are "to be treated like any other party" and given "no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

### III. DISPOSITION

The June 4, 2024 order is affirmed.

9

_____

BROMBERG, J.

WE CONCUR:

_____

DANNER, ACTING P. J.

_____

WILSON, J.

*Pinedo v. Mendoza Pinedo*
H052408